IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| Michael E. Wyatt | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14-cv-492-NKM-RSB |
| | ) | |
| v. | ) | |
| | ) | |
| Johnny Owens, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Michael E. Wyatt respectfully asks this Court to compel Defendants and the Pittsylvania County Sheriff's Office to produce responsive communications.

As set forth below, counsel for Wyatt has in good faith conferred and attempted to confer with counsel for Defendants and the Sheriff's Office in an effort to obtain the requested discovery without the Court's involvement. *See* Fed. R. Civ. P. 37(a)(1). But defense counsel, who is acting on behalf of both the Defendants and the Sheriff's Office, has failed to collect or produce responsive documents. The requested documents and information are highly relevant to Wyatt's claims, the burden of production is reasonable, and their discovery is proportional to the needs of this case. In light of the August 18, 2016 deadline for the completion of fact discovery, it is essential that Defendants and the Sheriff's Office produce documents in response to Wyatt's requests as soon as possible.

**BACKGROUND**

In this civil-rights action, Wyatt seeks damages for injuries inflicted by Defendants, five Pittsylvania County Sheriff's officers, who beat him unconscious in violation of the Fourth Amendment to the U.S. Constitution. Discovery in this case began on March 25, 2016. ECF No. 53 (scheduling order). On April 1, 2016, pursuant to Rule 45, Wyatt issued a subpoena to the Sheriff's Office, requesting relevant documents and information. *See* Exhibit 1 ("the Subpoena"). On April 4, pursuant to Rules 26, 33, and 34, Wyatt served Requests for Production and Interrogatories on each of the three original Defendants.[1] *See* Exhibits 2-4 ("the Requests"). Based on the responses to the Subpoena and Requests, and on subsequent meet-and-confer communications, Wyatt understands the Sheriff's Office and Defendants to be represented by the same counsel in this matter. At issue here is their failure to adequately respond to Request No. 5 in Plaintiff's Request for Production served on Defendants Owens, Wyatt, and Shelton, and Request No. 6 in schedule A attached to Plaintiff's Subpoena served on the Sheriff's Office.

The Subpoena and Requests sought communications relating to "any and all events that took place on or about July 3, 2012 involving the search for, pursuit, apprehension, arrest, detention, and treatment of [Wyatt] and any related events before or after." Exhibit 1 at 3, 6 (definition of "Incident" and Request No. 6); Exhibits 2-5 at 2, 5 (definition of "Incident" and Request No. 5). This request extended to "communication between and among employees, officers, or agents through any channels whatsoever." Exhibit 1 at 6; *see also* Exhibits 2-5 at 5.

The Sheriff's Office produced fewer than 20 emails in response to this request, none of which related to the use of force and all of which preceded Wyatt's beating. The Defendants did

---

[1] Two additional defendants were named in this suit in response to the Court's order granting Wyatt leave to amend his complaint. ECF No. 59. Wyatt served these defendants with identical discovery requests on July 1, 2016. These two defendants are represented by the same defense counsel as represents the three original defendants. Their responses to Wyatt's discovery requests are due August 1, 2016.

2

not object to any of the Requests within the allotted 30 days, nor did the Sheriff's Office object to the Subpoena within the allotted 14 days. *See* Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 45(d)(2)(B). The Defendants responded to the Request by indicating that "[Defendants] do not have any documents in [their] possession that are responsive to this request. All of [their] documents would be in the possession and custody of the sheriff's office." During meet-and-confer phone calls on May 9 and June 9, and also in a June 7 email, counsel for Wyatt raised concerns with defense counsel that the response to Wyatt's request for communications appeared to be deficient: Not all communications may have been produced, and the sufficiency of those that were produced was impossible to assess without an understanding of the steps the Sheriff's Office and Defendants took to respond to the requests.

In the June 7 email, Wyatt asked Defendants and the Sheriff's Office to "please identify and confirm before our [June 9] call what steps Defendants and the Pittsylvania County Sheriff's Office took to identify and produce responsive emails." The Defendants and the Sheriff's Office did not respond to Wyatt's June 7 email and could not tell Wyatt on the June 9 call what steps, if any, the Defendants or the Sheriff's Office took to identify responsive communications. Defendants and the Sheriff's Office did indicate that they would speak with the Sheriff's Office, confirm what steps were taken, and disclose any additional responsive communications uncovered. Wyatt patiently waited for a response. But after numerous failed attempts to contact the Defendants and the Sheriff's Office, Wyatt emailed a draft motion to compel on June 29 about this and other issues.

In a letter dated July 1, the Defendants and the Sheriff's Office stated that Wyatt should "expect . . . [the information about emails] by Monday, [July 4]." Counsel for the Defendants and the Sheriff's Office did not respond on July 4 or July 5. The parties spoke by phone on July

3

6, but counsel for the Defendants and the Sheriff's Office still could not identify what, if any, steps were taken to identify responsive emails. Counsel for the Defendants and the Sheriff's Office indicated that he would not be surprised if the Sheriff's Office did not take any particular steps to identify all responsive emails. He then asked Wyatt to send search terms, which were provided on July 11 as an accommodation. On July 18, after receiving no response, counsel for Wyatt again followed up regarding the emails. The response stated, for the first time, that "[the Defendants and the Sheriff's Office] have no control over the county [emails]," and that counsel would have to work with the Pittsylvania County Attorney to search for emails. The same day, Wyatt indicated to the Defendants and the Sheriff's Office that if emails were not produced by Thursday, July 21, that Wyatt would seek the Court's involvement.

On July 19, counsel for Wyatt again raised the issue of the lack of a response regarding emails. Defense counsel stated that he was waiting to hear from the County, would follow up with the County Attorney that day, and would provide a status update to Wyatt within a day. Wyatt received no response, followed up again by email on July 20, shared a draft of this motion with opposing counsel on July 21, and still has not received a response from the Defendants and the Sheriff's Office.

Defendants and the Sheriff's Office have not responded to Wyatt's entirely valid discovery requests, and have not sufficiently explained why they could not provide a response. Regardless of any difficulties the County Sheriff may have collecting emails from County computers, it has now been almost four months—out of a five-month discovery period—since the original requests were served on the Defendants and the Sheriff's Office. Wyatt has afforded the Defendants and the Sheriff's Office more than enough time necessary for any reasonable effort to collect and produce their own emails.

4

Notably, Wyatt is aware of several responsive emails that were not included in the Sheriff Office's responses to Request No. 6 that Wyatt received through third-party discovery. Also, both Requests encompass personal materials, and we have no evidence that Defendants have searched their personal emails or phone text records, since we have not received any phone or personal email records. Lastly, Defendants' and the Sheriff Office's responses also raise serious concerns about what, if any, steps were taken to *preserve* relevant and responsive communications. When directly asked, neither the Defendants nor the Sheriff's Office could say whether *any* steps were taken to preserve responsive material.

## LEGAL STANDARD

Under Rule 26,

> Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim*** or defense and ***proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative ease of access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphases added) (as amended December 1, 2015). When a party fails to produce discoverable information, Rule 37(a)(1) authorizes the party seeking discovery to file a motion to compel "[o]n notice to other parties and all affected persons." Fed. R. Civ. P. 37(a)(1). "A motion to compel under Rule 37 is appropriate when a party 'fails to make a disclosure required by Rule 26(a),' 'fails to answer an interrogatory submitted under Rule 33,' or 'fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.'" *Calkins v. Pacel Corp.*, 2008 WL 149141, at *2 (W.D. Va. Jan. 11, 2008) (quoting Fed. R. Civ. P. 37(a)(3)(A), (B)(iii)-(iv)). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Separately, under Rule 45—which governs subpoenas to nonparties commanding the

5

production of documents, *Bell Inc. v. GE Lighting, LLC*, 2014 WL 1630754, at *6 (W.D. Va. Apr. 23, 2014)—"the scope of discovery allowed . . . is the same as the scope of discovery allowed under Rule 26." *HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D. S.C. 2013) (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam)).

## ARGUMENT

This Court should compel Defendants and the Sheriff's Office to identify steps they took to preserve, identify, collect, and produce communications regarding the incident that gave rise to this action and produce any outstanding communications.

This information is plainly relevant to Wyatt's claim. *See* Fed. R. Civ. P. 26(b)(1). The Defendants' emails and other communication will contain information about the Defendant's contemporaneous impressions and opinions about the incident, and will provide facts that Wyatt will need in order to depose Defendants. *See Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 45-46 (W.D. Va. 2000) (impeach evidence is discoverable). In addition, that information is directly relevant to Wyatt's claims against the Defendants for punitive damages, which turn on whether conduct is "motivated by evil motive or intent, or … involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Neither Defendants nor the Sheriff's Office has argued that this information is not relevant, nor could they. There can be no serious dispute about the relevance of communications regarding the very incident that gave rise to this action. Wyatt explicitly asked for the any and all communications regarding the incident, which includes email communication.

Discovery of this information is also "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). Counsel has already indicated to Wyatt that the requested emails—which Wyatt cannot independently access—are in the control of the County, with which the Sheriff's

6

Office has been in contact. *See id.* (requiring consideration of "the parties' relative ease of access to the relevant information," "the parties' resources," and "whether the burden or expense of the proposed discovery outweighs its likely benefit"). At no time has the Sheriff's Office taken the position that it lacks possession, custody, or control of these emails.[2] It would also require minimal effort for Defendants and the Sheriff's Office to explain the steps they took to identify communications regarding the incident at the center of this case. Based on the information told to Wyatt, however, there is no reason to believe Defendants or the Sheriff's Office have taken *any* steps to satisfy this discovery obligation.

Despite repeated attempts over several months by Wyatt to obtain the requested documents and information, Defendants and the Sheriff's Office have failed to meet these discovery requests or articulate any reason why they cannot do so. In any event, the time for objecting to either the Requests or the Subpoena long ago expired. *See* Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . ."); Fed. R. Civ. P. 45(d)(2)(B) (a party objecting to a subpoena must serve its objections "before the earlier of the time specified [in the subpoena] for compliance or 14 days after the subpoena is served").

Wyatt can afford to wait no more. Wyatt has numerous witnesses to depose by the August 18, 2016 deadline. Those depositions are fast approaching, having been scheduled beginning July 27 after much effort by counsel for the Plaintiff, Defendants, and third parties. To complete depositions and all other fact discovery before the discovery deadline—while having the opportunity to discover information needed to prepare for depositions, and identifying

---

[2] Indeed, as stated above, Defendants, who are represented by the same counsel as the Sheriff's Office, stated that "[a]ll of [their responsive] documents would be in the possession and custody of the sheriff's office."

all key deponents—Wyatt must be permitted to obtain the relevant documents and information it has requested immediately.

Lastly, the burden of sending the requested materials is low: identifying all steps taken in the email preservation and search efforts is simply a matter of stating Defendants' and the Sheriff's Office's actions. Collecting and producing these materials would take only coordination with the County, which counsel for the Sheriff's Office represented is underway. Wyatt understands the demands of counsel's schedule, which is precisely why Wyatt sought this information well in advance of the close of discovery. There is no acceptable reason why defense counsel should delay any longer and fail to respond to Wyatt's repeated requests and communications.

## RELIEF REQUESTED

For the foregoing reasons, Wyatt respectfully requests that this Court compel Defendants and the Sheriff's Office to produce the requested communications of each Defendant and the Sheriff's Office and identify steps they took to identify communications regarding the incident that gave rise to this action.

Dated: July 22, 2016                    Respectfully submitted,

                                        \s\ Morgan Branch

                                        Gordon D. Todd
                                        Benjamin Beaton
                                        Morgan Branch
                                        SIDLEY AUSTIN LLP
                                        1501 K Street NW
                                        Washington, DC 20005
                                        Phone: 202-736-8760
                                        Fax: 202-736-8711
                                        Email: mbranch@sidley.com

8

# CERTIFICATE OF SERVICE

I, Morgan Branch, one of the attorneys for Plaintiff Michael E. Wyatt, certify that I caused a copy of the attached to be served by first-class mail upon:

> Jim H. Guynn, Jr.
> Theresa Joan Fontana
> Guynn & Waddell, PC
> 415 S. College Avenue
> Salem, VA 24153
> Phone: 540-387-2320
> Fax: 540-389-2350
> Email: jimg@guynnwaddell.com
>
> *Counsel for Defendants*

this 22nd day of July, 2016.

\s\ Morgan Branch