IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Michael E. Wyatt | ) |
| | ) |
| Plaintiff, | ) Case No. 7:14-cv-492-NKM-RSB |
| | ) |
| v. | ) |
| | ) |
| Johnny Owens, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF SUBPOENA BY PLAINTIFF MICHAEL E. WYATT
TO THE DANVILLE COMMONWEALTH ATTORNEY'S OFFICE**

Pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, Plaintiff Michael E. Wyatt gives notice that he will serve the attached subpoena, commanding the production of documents, on the Commonwealth Attorney's Office, 341 Main Street Suite 200, Danville, VA 24541. The subpoena commands the production of the documents specified in Schedule A for inspections and copying at the offices of Sidley Austin LLP, 1501 K Street N.W., Washington, DC, 20005, or at the premises of the Commonwealth Attorney's Office, on or before September 1, 2016.

Dated: August 18, 2016

/s/ Benjamin Beaton

Gordon D. Todd (VA Bar No. 45934)
Benjamin Beaton (*pro hac vice*)
Morgan Branch (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Phone: 202-736-8000
Fax: 202-736-8711
bbeaton@sidley.com

## CERTIFICATE OF SERVICE

I, Benjamin Beaton, one of the attorneys for Plaintiff Michael E. Wyatt, certify that I caused a copy of the attached to be served by first-class mail upon:

> Jim H. Guynn, Jr.
> Theresa Joan Fontana
> Guynn & Waddell, PC
> 415 S. College Avenue
> Salem, VA 24153
> Phone: 540-387-2320
> Fax: 540-389-2350
> Email: jimg@guynnwaddell.com
>
> *Counsel for Defendants*

this 18th day of August, 2016.

/s/ Benjamin Beaton

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для for the
_Western District of Virginia_

_Michael E. Wyatt_
   Plaintiff
         v.                             Civil Action No. _7:14-cv-492-NKM-RSB_

_Johnny Owens, et al.,_
   Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _Commonwealth Attorney's Office – City of Danville_
(Name of person to whom this subpoena is directed)

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: _See attached Schedule A_

| Place: _Sidley Austin LLP_ _1501 K Street, N.W., Washington, DC 20005_ | Date and Time: _09/01/2016 6:00pm_ |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _08/18/2016_

CLERK OF COURT

_____         OR    _/s/ signature_
Signature of Clerk or Deputy Clerk                  Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party) _Michael E. Wyatt_, who issues or requests this subpoena, are:
_Benjamin Beaton, Sidley Austin LLP, 1501 K Street, N.W., Washington, DC 20005; 202-736-8000_

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

(Commonwealth Attorney's Office)

## DEFINITIONS

A. The words "all" and "any" mean each and every.

B. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make a given request for production inclusive rather than exclusive.

C. The word "including" means including without limitation. Under no circumstance shall the word "including," or any list of examples following the word "including," be construed in a manner that would narrow the scope of any request for production.

D. The "Danville Commonwealth Attorney's Office" refers the to the Commonwealth Attorney's Office as well as their officers, directors, agents, employees, attorneys, assistant attorneys, and any representatives.

E. "Danville Police Department" refers the to the Danville City Police Department as well as their officers, directors, agents, employees, and any representatives.

F. "Document" is used in its broadest sense as defined by Federal Rules of Civil Procedure 34, including, without limitation, all written or printed material of any kind, whether preliminary, proposed, or final versions within your possession, custody, or control, including without limitation agreements, understandings, communications, correspondence, emails, instant messages, facsimiles, records, reports, memoranda, compilations, notes, opinions, minutes, agenda, summaries, notations of any sort of conversations or meetings, transcripts of oral testimony or statements, and all drafts, alterations, modifications, changes and amendments to any of the foregoing, as well as any and all information stored in computers including but not limited to computer software, storage banks, hard disks, electronic mail, back-up programs, and back-up tapes. A comment, notation, or stamp appearing on any document and not part of the original text, is considered a separate "document."

3

G. "PAK Store" is the convenience store located at 3401 Westover Dr, Danville, VA 24541.

H. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

I. "Plaintiff," "Michael Wyatt," or "Mr. Wyatt" refers to Plaintiff Michael E. Wyatt, as well any of his counsel and any of his representatives, agents, or other Persons acting on his behalf.

J. "Sheriff's Office" refers the to the Pittsylvania County Sheriff's Office, as well as their officers, directors, agents, employees, and any representatives.

K. "Relating to" means concerning, referring to, describing, evidencing or constituting.

## INSTRUCTIONS

A. Each numbered Request contained herein calls for the production of all responsive Documents in your possession, custody, or control.

B. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the specific numbered Request to which the Documents are responsive.

C. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these Requests any Documents that might otherwise be construed to be outside their scope.

D. The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these Requests any Documents that might otherwise be construed to be outside their scope.

E. Masculine, feminine, or neutral pronouns shall be construed to include other genders as necessary to bring within the scope of these Requests any Documents that might otherwise be construed to be outside their scope.

4

F.   If you are unable to answer or respond fully to any Request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full.

G.   If any Documents cannot be produced in full, produce to the extent possible and specify the reason for the inability to produce the remainder.

H.   In the event that any Document is withheld or is not produced by reason of a claim of privilege, work product, or any other reason, set forth the following: (1) the author or originator of the Document; (2) each addressee or recipient of the Document or any copy thereof; (3) the date the Document bears, or if it bears no date, the date on which the Document was made; (4) the title or subject matter of the Document and a general description of its contents; (5) the nature of the Document (e.g., memorandum, chart, etc.); and (6) the basis or bases for claiming privilege or otherwise not producing the Document. *See* Fed. R. Civ. P. 45(e)(2).

I.   In the event that a claim of privilege is asserted with regard to part of the material contained in a Document, clearly indicate the portions claimed to be privileged. When a Document has been redacted or altered in any fashion, identify the reason for and the date of each such redaction or alteration. The fact and scope of any redaction must be clearly visible on the redacted Document.

J.   If any Document that would have provided information responsive to any Request was at any time in your possession, custody, or control, but is no longer available for production, (1) identify each such Document and state whether the document is missing or lost; (2) whether it has been destroyed and, if so, by whom; (3) whether it has been transferred or delivered to another person and, if so, at whose request; (4) whether it has been otherwise disposed of; (5) the precise circumstances and date of the disposition of each such Document; and (6) any policy or procedure which you contend relates to, allows, compels or explains such disposition.

K.   This Request is continuing in nature. Please promptly supplement your production if the Danville Commonwealth Attorney's Office obtains, identifies, or creates additional responsive Documents after responding to this Subpoena.

5

## REQUESTS FOR PRODUCTION

1. Any and all audio or visual recordings depicting or relating to the July 2, 2012 robbery of the PAK store.

2. Any and all photographs, images, and/or audio or visual recordings depicting, referring, or relating to a firearm in connection with the PAK store robbery on July 2, 2012, including, but not limited to the search warrant executed on July 10, 2012 for the car Michael Wyatt drove on July 3, 2012.

3. Any and all documents, including communications, discussing, referring or relating to any and all firearms connected to, or thought to be connected to, the robbery of the PAK store on July 2, 2012, including, but not limited to the search warrant executed on July 10, 2012 for the car Michael Wyatt drove on July 3, 2012.

4. Any and all communications referring or relating to Michael Wyatt, including, but not limited to, communications between and among the Danville Commonwealth Attorney's Office, the Pittsylvania County Attorney's office, Petra Haskins, Michael Newman, the Danville Police Department, the Sheriff's Office, Brian Haskins, and/or David Grimes.

5. Any and all documents or communications referring or relating to any complaint, inquiry, investigation, or any other review by the Danville Commonwealth Attorney's office regarding the use of force used during Michael Wyatt's arrest on July 3, 2012.

6. Any and all exhibits used or slated to be used in any and all criminal proceedings involving Michael Wyatt between July 4, 2012 and the present.

Dated: August 18, 2016

/s/ Benjamin Beaton

Gordon D. Todd (VA Bar No. 45934)
Benjamin Beaton (*pro hac vice*)
Morgan Branch (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Phone: 202-736-8000
Fax: 202-736-8711
bbeaton@sidley.com

## CERTIFICATE OF SERVICE

I, Benjamin Beaton, one of the attorneys for Plaintiff Michael E. Wyatt, certify that I caused a copy of the attached to be served by first-class mail upon:

>Jim H. Guynn, Jr.
>Theresa Joan Fontana
>Guynn & Waddell, PC
>415 S. College Avenue
>Salem, VA 24153
>Phone: 540-387-2320
>Fax: 540-389-2350
>Email: jimg@guynnwaddell.com
>
>*Counsel for Defendants*

this 18th day of August, 2016.

/s/ Benjamin Beaton