IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL E. WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:14cv492 |
| | ) |
| JOHNNY OWENS, | ) |
| ALLEN SHELTON, | ) |
| SCOTT WYATT, | ) |
| THOMAS NICHOLSON, | ) |
| and | ) |
| ROBERT WORSHAM, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS WORSHAM AND NICHOLSON'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### Statement of the Case

Plaintiff filed this lawsuit on September 11, 2014, pursuant to 42 U.S.C. § 1983 alleging that Investigators Johnny Owens, Allen Shelton, William Harris, Scott Wyatt, and Corporal M. D. Pickeral used excessive force during plaintiff's arrest on July 3, 2012[1]. Compl. at 1-4. On January 30, 2015, defendants filed a motion for summary judgment seeking dismissal of the case as to all defendants. Defs. Mot. For Summ. J. at 1. On August 20, 2015, the Court granted defendants' motion for summary judgment with respect to defendants Harris and Pickeral and denied the motion with respect to defendants Owens, Shelton, and Wyatt. Mem. Op. at 1. On June 30, 2016—almost exactly four years after the events giving rise to his claim and nearly two

---

[1] Defendants asserted a statute of limitations defense as to all originally-named defendants, including defendants Owens, Shelton, and Wyatt, in defendants' motion for summary judgment filed on January 30, 2015. Defs. Mot. For Summ. J. at 1. The Court held against defendants on that claim. *Id.* at 7. The Court determined plaintiff had filed two previous complaints within the applicable statute of limitations that were dismissed without prejudice for plaintiff's failure to "comply with *in forma pauperis* inmate filing conditions." Mem. Op. at 5. Because plaintiff was entitled to tolling for the three-month period during which those complaints were pending, the action filed on September 11, 2014 fell within the statute of limitations. *Id.* at 7.

1

years after filing his original complaint—plaintiff filed an amended complaint adding Captain Thomas Nicholson and Investigator Robert Worsham as defendants for the first time. Am. Compl. at 1-3. On July 22, 2016, defendants' answer asserted the applicable statute of limitations bars this action against defendants Worsham and Nicholson. Defs. Answer at ¶ 17. This case is before the Court on defendants' motion for summary judgment.

## Argument

I. **Standard for Summary Judgment.**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In establishing the parameters for an award of summary judgment, the Supreme Court has stated that:

> The judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find a preponderance of the evidence that the plaintiff is entitled to a verdict.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). *See also Celotex Corp. v. Catrette*, 477 U.S. 317 (1986).

Mere general allegations will not prevent an award of summary judgment. *Johnson v. McKee Baking Co.*, 398 F. Supp. 201, 206 (W.D. Va. 1975), *aff'd*, 532 F.2d 750 (4th Cir. 1976). Likewise, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. In this case there is no
2

genuine issue of fact regarding the date of the incident and when the statute of limitations began running.

## II. Plaintiff's Claims Against Nicholson and Worsham are Barred by Virginia's Two-Year Statute of Limitations.

"There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). Plaintiff's claim is subject to Virginia's two year statute of limitations applicable to personal injury claims. *See* Va. Code Ann. § 8.01-243(A). Thus, plaintiff had two years from his arrest on July 3, 2012—the day on which his cause of action accrued[2]—to pursue his claims against Nicholson and Worsham. Therefore, plaintiff's final day to pursue such claims was July 3, 2014. Plaintiff failed to sue Nicholson and Worsham within that time period. In fact, plaintiff did not file an amended complaint naming Nicholson and Worsham until June 30, 2016, almost two years after the statute of limitations had lapsed[3]. Plaintiff now seeks to bring Nicholson and Worsham into this case nearly four years after the events giving rise to his claim occurred. Requiring Nicholson and Worsham to litigate these claims so far after their expiration would run afoul of both the letter and policies of the statute of limitations. *See Goad v. Celotex Corp.*, 831 F.2d 508, 510 (4th Cir. 2007) (noting that "[s]tatutes of limitation represent a public policy judgment by a State as to the time at which an action becomes too stale to proceed in its courts"). Accordingly, Plaintiff's claims against Nicholson and Worsham are barred by the statute of limitations.

---

[2] *E.g. Nieves v. McSweeney*, 73 F. Supp. 2d 98, 103 (D. Mass. 1999) (finding that excessive force claim accrued at time of arrest).
[3] Under this Court's decision in *Hoback v. Doe*, 2015 U.S. Dist. LEXIS 126007 (W.D. Va. Sept, 18, 2015), plaintiff's amended complaint will not relate back to the time of filing of the original complaint because plaintiff did not make the type of "mistake" necessary to qualify for relation back for purposes of Fed. R. Civ. P. 15(c)(1)(C)(ii).

3

## CONCLUSION

For the foregoing reasons, Defendants Nicholson and Worsham respectfully request that this Court dismiss Plaintiff's Complaint against them with prejudice, and grant such other relief as it may deem appropriate.

        THOMAS NICHOLSON
        and ROBERT WORSHAM

        By /s/ Jim H. Guynn, Jr.
        Jim H. Guynn, Jr. (VSB # 22299)
        Guynn & Waddell, P.C.
        415 S. College Avenue
        Salem, Virginia 24153
        Phone: 540-387-2320
        Fax:    540-389-2350
        Email: jimg@guynnwaddell.com
        *Attorney for Defendants Thomas Nicholson and Robert Worsham*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 2nd day of September, 2016, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Gordon D. Todd, Esq.
Benjamin Beaton, Esq.
Morgan Branch, Esq.
Cara R. Viglucci Lopez, Esq.
Sidley Austin, LLP
1501 K Street, NW
Washington, DC 20005
gtodd@sidley.com
bbeaton@sidley.com
mbranch@sidley.com
cvigluccilopez@sidley.com
*Counsel for Plaintiff*

        /s/ Jim H. Guynn, Jr.

4