IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL E. WYATT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 7:14cv492 |
| JOHNNY OWENS, et al. | ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

### Statement of the Case

Plaintiff filed this lawsuit on September 11, 2014, pursuant to 42 U.S.C. § 1983 alleging that Investigators Johnny Owens, Allen Shelton, William Harris, Scott Wyatt, and Corporal M. D. Pickeral used excessive force during plaintiff's arrest on July 3, 2012. Compl. at 1-4. On January 30, 2015, defendants filed a motion for summary judgment seeking dismissal of the case. Defs. Mot. for Summ. J. at 1. On August 20, 2015, the Court granted defendants' motion for summary judgment with respect to defendants Harris and Pickeral and denied the motion with respect to defendants Owens, Shelton, and Wyatt. Mem. Op. at 1. On September 1, 2016—over four years after the events giving rise to his claim and nearly two years after filing his original complaint—plaintiff filed a motion to amend the complaint adding Sheriff Michael Taylor, in his official capacity, as a defendant. Proposed Second Am. Compl. at 1. Because Sheriff Taylor, in his official capacity, is barred from suit under the Eleventh Amendment, and because the statute of limitations bars adding Sheriff Taylor as a defendant at this time, plaintiff's proposed amended complaint is futile and must be denied.

1

I.  **Plaintiff's Amended Complaint is Futile as He is Barred from Suing Sheriff Taylor in the Sheriff's Official Capacity under the Eleventh Amendment.**

A court should freely grant leave to amend a complaint absent any "apparent or declared reason . . . such as undue delay, bad faith . . . *futility of amendment*, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility" occurs when "the complaint, as amended, would still fail to state a claim upon which relief can be granted." *Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley*, 385 Fed. Appx. 135, 147 (3rd Cir. 2010); *See Donaldson v. United States Dep't of Labor*, 930 F.2d 339, 349 (4th Cir. 1991) ("the amendment properly could have been found futile if . . . it failed to state a claim . . ."). The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state." U.S. Const. amend. XI. The Supreme Court has "construe[d] the Amendment to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Clay v. Campbell Cnty. Sheriff's Office*, 2013 U.S. Dist. LEXIS 89974 at *12 (W.D. Va. June 26, 2013). Eleventh Amendment immunity extends to "state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). In Virginia, "suits against a Sheriff or her deputies in their official capacities and suits against a Sheriff's Office are suits against the state for Eleventh Amendment purposes." *Clay*, 2013 U.S. Dist. LEXIS at *12. Accordingly, absent an exception, such suits are barred by the Eleventh Amendment. *See id.* at 14-16. There are three exceptions to Eleventh Amendment immunity: (1) if Congress has abrogated that immunity; (2) if the state has waived its immunity; or (3) the plaintiff seeks injunctive relief from state officials. *Id.* at 13-14. In this case, plaintiff attempts to sue Sheriff Taylor in federal court, in Sheriff Taylor's official capacity. There are no

exceptions allowing a suit against a Sheriff. Congress has not abrogated the Sheriff's immunity, and the Commonwealth has not waived its immunity. The plaintiff seeks money damages, so the third exception does not apply. *See* Pl.'s Proposed Second Am. Compl. at 8. Because no exception exists and the plaintiff seeks to sue a "state agent" in federal court, the plaintiff's proposed amended complaint "cannot be granted," and the motion to amend is "futile." *Culinary*, 385 Fed. Appx. at 147 (3rd Cir. 2010). Accordingly, the Court should deny the motion to amend.

**II.     Plaintiff's Claim Against Sheriff Taylor is Barred by Virginia's Two-Year Statute of Limitations and Does not Relate Back.**

The relevant statute of limitations also bars plaintiff's claim against Sheriff Taylor. "There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). Plaintiff's claim is subject to Virginia's two-year statute of limitations applicable to personal injury claims. *See* Va. Code Ann. § 8.01-243(A). Thus, plaintiff had two years from his arrest on July 3, 2012—the day on which his cause of action accrued[1]—to pursue his claim against Sheriff Taylor. Because plaintiff filed the proposed amended complaint over two years after the statute of limitations lapsed, the proposed amendment is untimely.

A claim barred by the applicable statute of limitations is futile, and an untimely amendment can be rejected on that basis. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Under limited circumstances, governed by Fed. R. Civ. P. 15(c), amendments to a complaint may relate back to the date of the filing of the original pleading. *Id.* Under Fed. R.

---

[1] *E.g., Nieves v. McSweeney*, 73 F. Supp. 2d 98, 103 (D. Mass. 1999) (finding that excessive force claim accrued at time of arrest).

Civ. P. 15(c), when a party seeks to amend a complaint to change the defendants, the amended complaint will relate back if three conditions are met:

> (1) the claim asserted in the amended pleading arise[s] out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against them, the parties to be brought in have received such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits; and (3) the new parties knew or should have known that, but for the mistake concerning the identity of the proper parties, the action would have been brought against them.

The third requirement controls in this case.

Plaintiff Wyatt must show that Sheriff Taylor "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). This element cannot be satisfied.

At no point prior to plaintiff filing the proposed amended complaint did Sheriff Taylor have actual or constructive knowledge that this action "would have been brought against [him]." Fed. R. Civ. P. 15(c)(1)(C)(ii). Sheriff Taylor was not involved in the pursuit and arrest of Wyatt. Given his Eleventh Amendment immunity and the inapplicability of *respondeat superior* Sheriff Taylor had no reason to believe that Wyatt would pursue an action against him.

Discussed *supra*, the Sheriff has Eleventh Amendment liability in this case; the Sheriff had no reason to believe his immunity would be relinquished. It is well settled that sheriffs are not liable for constitutional violations of their deputies, so Sheriff Taylor had no reason to consider liability based on the actions of his deputies. *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142 (4th Cir. 1982). In *Fisher* the plaintiff sought damages from the

4

sheriff under a § 1983 claim alleging a violation of her right to privacy due to the actions of the sheriff's subordinates. *Id.* at 1142.  Detention officers had placed the plaintiff in a cell naked, except for her underpants.  *Id.* at 1136.  The cell was located in a section of the detention center that housed male inmates, and the plaintiff claimed some of the male inmates had seen her.  *Id.*  The Court "pass[ed]" on ruling on the merits of the claim, because it held a sheriff "cannot be held liable vicariously under § 1983 for any conduct of his subordinates."  *Id.* at 1142.  The Court reasoned that because there was "no evidence [the sheriff] participated directly in any of the events" complained of, the sheriff could not be held liable.  *Id.*   Similarly, Sheriff Taylor did not "participat[e] directly" in the alleged beating that is the subject of this case.  Because Sheriff Taylor would have known that he could not be held liable "for the conduct of his subordinates," he did not know, and should not have known this action would be brought against him.

## CONCLUSION

For the foregoing reasons, defendants, by counsel, respectfully request that this Court deny plaintiff's request for leave to amend the Complaint in order to add Sheriff Taylor as a defendant.

> JOHNNY OWENS, ALLEN SHELTON,
> SCOTT WYATT, THOMAS NICHOLSON
> and ROBERT WORSHAM
>
> By /s/ Jim H. Guynn, Jr.
> Jim H. Guynn, Jr. (VSB # 22299)
> Guynn & Waddell, P.C.
> 415 S. College Avenue
> Salem, Virginia  24153
> Phone: 540-387-2320
> Fax:    540-389-2350
> Email: jimg@guynnwaddell.com
> *Attorney for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that I have this 14th day of September, 2016, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Gordon D. Todd, Esq.
Benjamin Beaton, Esq.
Morgan Branch, Esq.
Cara R. Viglucci Lopez, Esq.
Sidley Austin, LLP
1501 K Street, NW
Washington, DC 20005
gtodd@sidley.com
bbeaton@sidley.com
mbranch@sidley.com
cviglucilopez@sidley.com

                /s/ Jim H. Guynn, Jr.