**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| Michael E. Wyatt ) | |
| ) | |
| Plaintiff, ) | Case No. 7:14-cv-492-NKM-RSB |
| ) | |
| v. ) | |
| ) | |
| Johnny Owens, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS WORSHAM'S
AND NICHOLSON'S MOTION FOR SUMMARY JUDGMENT**

Michael Wyatt, acting *pro se* and from prison, timely filed suit against the five County officers whom he believed violated his constitutional rights by beating him during his arrest. Despite diligent efforts, Wyatt misidentified two of the five officers who participated in the beating. Only after overcoming Defendants' initial summary judgment motion, and after court-appointed counsel sought discovery, did Wyatt learn the true identity of these two officers—Thomas Nicholson and Robert Worsham. And then he promptly, and without objection, added them as defendants under Rule 15.

Now Defendants Worsham and Nicholson seek summary judgment, arguing that Wyatt's claims against them are barred by the statute of limitations. ECF No. 76. But the Federal Rules and governing case law expressly permit a plaintiff to cure a mistake about a defendant's identity even after the statute of limitations has run, so long as the defendant had proper notice (as Worsham and Nicholson undoubtedly did here). The motion should be denied.

## BACKGROUND

While incarcerated and uncounseled, in December 2013 Wyatt filed two complaints claiming his rights were violated by five officers' unlawful use of force during his July 2012 arrest. ECF No. 30 at 4. These complaints were dismissed without prejudice for failing to comply with *in forma pauperis* filing conditions. *Id.* Wyatt corrected this issue by delivering a new complaint to prison officials on August 26, 2014. *Id.* at 7. On August 20, 2015, this Court ruled that Wyatt's initial complaints tolled the limitations period, rejected Defendants' statute-of-limitations defense, and held that Wyatt's new complaint was timely filed. *Id.* at 7.

Wyatt's complaint named as defendants five Pittsylvania County Sheriff's officers whom he then believed were the five who had beaten him on July 3, 2012: Johnny Owens, Allen Shelton, William Harris, Scott Wyatt, and M.D. Pickeral. ECF No. 1. Defendants Owens, Shelton, and Scott Wyatt did in fact arrest Wyatt. Defendants Harris and Pickeral, however, were not the remaining two officers involved in Wyatt's beating, as the Court recognized in granting them summary judgment. ECF No. 30 at 10. The Defendants' summary judgment motion and declarations, however, did not identify or acknowledge those two officers: Thomas Nicholson (the Defendants' supervisor and the senior officer on the scene) and Robert Worsham (who delivered the knee strikes of which Wyatt complained). *See* ECF No. 25. Not until appointed counsel appeared in February and March 2016, ECF Nos. 40–45, and received Defendants' discovery responses did Wyatt learn that the officers he mistakenly identified as Harris and Pickeral were actually Nicholson and Worsham.

Promptly after learning of his earlier mistake, Wyatt moved to amend his complaint, proposing to add Worsham and Nicholson as defendants. ECF Nos. 58 (motion), 60 (First Am. Compl.). No defendant filed an opposition to the motion, which the Court granted. ECF No. 59.

**ARGUMENT**

Summary judgment is appropriate only if, "viewing the facts in the light most favorable to" Wyatt and "drawing reasonable inferences" in his favor, "no material facts are disputed and [Defendants are] entitled to judgment as a matter of law." *Cox v. Quinn*, No. 15-6943, --- F.3d ---, 2016 WL 3620189, at *4–5 (4th Cir. July 6, 2016).

Under Federal Rule 15(c)(1)(B)–(C), a plaintiff may add a defendant to the complaint, even after the limitations period has passed. Rule 15 embodies a policy of "liberal amendment." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007) (en banc). Courts permit amendment based on evidence found in discovery to relate back to the original complaint. *See, e.g.*, *In re Brokers, Inc.*, No. 04-53451, 2007 WL 2156300, at *4 (Bankr. M.D.N.C. Jul. 5, 2007); *Bayerische Landesbank v. Alladin Capital Mgmt., LLC*, 289 F.R.D. 401, 403, 405–07 (S.D.N.Y. 2013). In particular, courts allow relation back when a plaintiff corrects an earlier mistake regarding a defendant's identity. *See, e.g.*, *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010); *Goodman*, 494 F.3d 458.

An amendment is timely based on the filing of the original complaint if three conditions are met: (1) the amendment asserts claims "that arose out of the conduct, transaction, or occurrence … in the original pleading"; (2) the new defendants received notice of the action, within the time for service of the original complaint, sufficient to avoid prejudice; and (3) the new defendants within that time period knew or should have known they would have been named as defendants but for a mistake. Fed. R. Civ. P. 15(c)(1)(B)–(C). Wyatt's amendment satisfied each of the three conditions:

**1. Same "conduct, transaction, or occurrence"** – Defendants Worsham and Nicholson do not dispute that the First Amended Complaint "asserts a claim or defense that arose out of the

3

conduct, transaction, or occurrence set out … in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Nor could they: The amended complaint simply alleges that Worsham and Nicholson participated in the same beating of which Wyatt complained in his original complaint.[1] The First Amended Complaint alleges the *same* claims based on the *same* arrest that was the subject of Wyatt's *pro se* complaint; the June 2016 amendment merely add Worsham and Nicholson as defendants on those claims. "Because the substantive allegations in the amended complaint were identical to those contained in the initial complaint, the requirements of relation back under Rule 15(c) clearly apply." *Freight Drivers & Helpers Local Union No. 557 Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 218 (4th Cir. 2015).

    **2. Notice –** Movants also do not and cannot dispute that Worsham and Nicholson received notice sufficient to prevent prejudice to their defense on the merits. Fed. R. Civ. P. 15(c)(1)(C)(i). Rule 15 is satisfied by either actual or presumed notice. *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989). Defendants Worsham and Nicholson received notice under both theories.

    As to actual notice, Worsham and Nicholson "from the outset" were "made fully aware of the events giving rise to the action." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Both actively participated in the beating that inflicted Wyatt's injuries. Worsham repeatedly struck Wyatt with his knees. Worsham Tr. 111 (Ex. A). Nicholson grabbed Wyatt during the incident and purported to supervise the other County officers using unlawful force against Wyatt. Nicholson Tr. 119, 164 (Ex. B). And both knew that their actions had seriously

---

[1] The First Amended Complaint also included minor amendments, not relevant here, to conform the original *pro se* complaint to this Court's summary judgment order and memorandum. ECF Nos. 29, 30. Defendants have not challenged those changes.

injured Wyatt, because they were present when the rescue squad placed him in an ambulance and took him to the hospital. Nicholson Tr. 179, 219; Worsham Tr. 159.

Worsham and Nicholson were also well aware of Wyatt's lawsuit and their potential liability from the beginning. The same day as Wyatt's beating, Worsham contacted a Danville Police Officer and obtained an unauthorized, unorthodox copy of the dashboard camera video that showed much of the beating, including his and Nicholson's involvement. Worsham Tr. 148–51. Worsham obtained this video, without permission, because he "th[ought] there would be a use of force inquiry." *Id.* at 150. There was a "high likelihood" of a complaint because the officers "use[d] … force on him [and] [h]e had to be transported" by ambulance to the hospital. *Id.* Worsham gave this video to Nicholson and "showed it to everybody in the office" the night of the beating. *Id.* at 151–53. Further, within a week of the beating, Worsham listened to calls Wyatt made from prison, *id.* at 167, in which Wyatt expressed his intent to sue those responsible for his injuries. Nicholson admitted that he learned of Wyatt's suit shortly after it was filed. Nicholson Tr. 11–13. And "chatter" around the Sheriff's Office concerned Mr. Wyatt's potential excessive-force lawsuit "before the suit was filed." Shelton Tr. 91:19–22 (Ex. C).

As to presumptive notice, Worsham's and Nicholson's close connections with the original Defendants mean they presumably received notice. "Notice may be presumed when the nature of the claim is apparent in the initial pleading and the added defendant has . . . a sufficient identify of interest with the original defendant . . . ." *Bechtel*, 885 F.2d at 1200. Identity of interest is sufficient when "original and added parties are so closely related in business or other activities that it is fair to presume that the added parties learned of the institution of the suit shortly after it was commenced," *Bruce v. Smith*, 581 F. Supp. 902, 906 (W.D. Va. 1984), and is often found when the defendant sought to be added holds a supervisory position, *Ward v. Taylor*,

5

250 F.R.D. 165, 169 (D. Del. 2008); *Smith v. City of Philadelphia*, 363 F. Supp. 2d 795, 802 (E.D. Pa. 2005). Here, Worsham and Nicholson were members of the same small investigative division as the three original Defendants and shared a room at work with them. Nicholson Tr. 118, 185–86. And Nicholson supervised the three original Defendants, as well as Worsham. *Id.* at 119. There is no claim that Worsham and Nicholson failed to learn of Wyatt's allegations from the other Defendants, who were sued based on conduct in which Worsham and Nicholson participated too. It is thus more than "fair to presume" that Worsham and Nicholson "learned of the institution of the suit shortly after it was commenced." *Bruce*, 581 F. Supp. at 906.

Nor have Worsham or Nicholson claimed to have suffered any prejudice to their defense from the timing of their actual notice or of the amended complaint. Worsham and Nicholson are represented by the same counsel who has represented the other Defendants from the outset. They produced largely the same discovery materials and responses as the other Defendants, received Wyatt's discovery material along with the other Defendants, and were deposed along with the other Defendants. Their actual and constructive notice, when construed in the light most favorable to Wyatt, defeats any claim of prejudice and is sufficient to defeat summary judgment. *See Cox*, 2016 WL 3620189, at *4-5; *Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1232 (10th Cir. 2014) (summary judgment denied where "a genuine issue of material fact exists" whether the facts supported relation-back).

**3. Mistake** – Finally, and for the same reasons, Worsham and Nicholson knew that Wyatt would have named them as defendants but for his mistake regarding their identities. Fed. R. Civ. P. 15(c)(1)(C)(ii). As both the Supreme Court and the Fourth Circuit have emphasized, Rule 15(c)'s "mistake" prong asks a simple question: not what type of mistake the plaintiff made, but whether the defendants knew they would have been included as defendants had the

6

plaintiff not made a mistake. *See, e.g.*, *Krupski*, 560 U.S. at 548–49; *Goodman*, 494 F.3d at 469–70.

Worsham and Nicholson do not claim to have ever doubted that Wyatt would sue them if and when he learned the true identities of the officers who used unlawful force against him. As explained above, both were personally involved in beating Wyatt; knew the beating required hospitalization; understood right away the likelihood of a use-of-force complaint; and knew of his lawsuit. Worsham's and Nicholson's omission from the original complaint is completely explained by Wyatt's mistake about their identities. The only alternative explanation—that Wyatt knew that Worsham and Nicholson were involved, but for some unspecified reason chose *not* to sue them—is irrational and speculative at best. *See Krupski*, 560 U.S. at 555 (relation-back appropriate where defendant "has articulated no strategy that it could reasonably have thought [plaintiff] was pursuing in suing" an affiliate "that was legally unable to provide relief").

This case is controlled by the en banc Fourth Circuit's decision when confronted with similar facts in *Goodman*. There, a plaintiff brought a contract claim against a parent company, claiming the parent was the successor to an obligation in plaintiff's favor. The plaintiff was later allowed to add a subsidiary that he realized was a successor to the obligation. 494 F.3d at 462–63. The Fourth Circuit explained that relation-back was justified because "the complaint made conceptually clear that it was suing the corporate entity that was the successor" to the obligation, and the subsidiary "knew, better than anyone, which corporate entity that was." *Id.* at 473. Just so here: Wyatt's complaint made clear from the beginning that he wished to hold accountable the officers responsible for his beating, and Worsham and Nicholson knew "better than anyone" that they were among the responsible officers.

7

Worsham and Nicholson address relation-back in a one-sentence footnote claiming that "plaintiff did not make the type of 'mistake' necessary to qualify for relation back." ECF No. 74 at 3 n.3. Such a cursory argument, presented only in a footnote, may fairly be deemed forfeited. *See Unspam Techs, Inc. v. Chernuk*, 716 F.3d 322, 330 n.\* (4th Cir. 2013). Worsham and Nicholson, moreover, have not explained—either in their summary judgment motion or in response to Wyatt's motion to amend—what "type" of mistakes fall within Rule 15(c) or what "type" of mistake they believed Wyatt made in his original complaint. Having failed to offer any reason thus far, Worsham and Nicholson are barred from supplying a new justification on reply once Wyatt lacks an opportunity to respond. *See, e.g.*, *United States v. Smalls*, 720 F.3d 193, 197 (4th Cir. 2013) (new arguments cannot be raised in a reply brief).

But even overlooking these defects, Worsham and Nicholson are wrong that Wyatt's "mistake" does not qualify for relation-back. The en banc *Goodman* decision rejected precisely the sort of "parsing among different kinds of mistakes" suggested here. 494 F.3d at 471. There the defendants argued that the plaintiff had made the "wrong" type of mistake, *id.* at 469, but the Fourth Circuit explained that Rule 15(c)'s "text does not support … parsing … the 'mistake' language," and policy does not "support[] permitting relation-back for typographical mistakes, but not for oversights or mistakes of inclusion or omission." *Id.* at 470–71; *see also id.* at 470 ("the language of Rule 15(c)(3) does not distinguish among types of mistakes concerning identity").

The Supreme Court has likewise held that Rule 15(c) applies to a plaintiff's "mistake" regarding the roles of two parties in the conduct giving rise to the suit. In *Krupski*, the plaintiff sued to recover for injuries sustained on a cruise, but discovered after filing suit that the cruise's operator was actually an affiliate of the defendant named in the original complaint. *Id.* at 541–

44. The Supreme Court held that the plaintiff's "misunderstanding [of] the role[]" of the affiliated companies was a "mistake" within the meaning of Rule 15(c). *Id.* at 548–49, 555. Like the plaintiff in *Krupski*, Wyatt misunderstood the roles played by various officers in his arrest, mistakenly identifying the officers who beat him. And, like the plaintiff in *Krupski*, Wyatt is entitled to correct that mistake.

*Hoback v. Doe*, No. 14-cv-711, 2015 WL 5553745 (W.D. Va. Sept. 18, 2015)—the single unreported case that Worsham and Nicholson cite—does not support their argument. *Hoback* addressed the distinct situation in which a plaintiff names a "John Doe" defendant and later tries to substitute a named defendant. In that case, this Court properly barred the amendment from relating back to the original filing, *id.* at *2, because the Fourth Circuit has made clear that "naming Doe defendants self-evidently is no 'mistake,'" *Goodman*, 494 F.3d at 471. *Goodman* distinguished the "Doe" cases from cases, like this one, where relation-back is appropriate because the plaintiff mistakenly named a real but incorrect defendant. *Id.* at 470–71.[2]

## CONCLUSION

Plaintiff Michael Wyatt respectfully requests that the Court deny Defendants Worsham's and Nicholson's motion for summary judgment.

---

[2] *Hoback* also rejected the amendment because the plaintiff had made no "attemp[t] to discover the names of the John Doe defendants" at the relevant time, which Defendants have not alleged here. 2015 WL 5553745, at *3. And *Hoback* relied on two Fourth Circuit decisions—*Bechtel*, 885 F.2d 1196, and *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006)—that *Goodman* expressly concluded did not authorize distinguishing among types of mistakes (and overruled to the extent they held otherwise). 494 F.3d at 472–73.

9

Dated: September 16, 2016

\s\ Benjamin Beaton

Gordon D. Todd
Benjamin Beaton
Morgan Branch
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Phone: 202-736-8760
Fax: 202-736-8711
Email: mbranch@sidley.com

**CERTIFICATE OF SERVICE**

I, Benjamin Beaton, one of the attorneys for Plaintiff Michael E. Wyatt, certify that I caused a copy of the attached to be served via ECF on the following counsel:

>Jim H. Guynn, Jr.
Theresa Joan Fontana
Guynn & Waddell, PC
415 S. College Avenue
Salem, VA 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: jimg@guynnwaddell.com

>*Counsel for Defendants*

this 16th day of September, 2016.

\s\ Benjamin Beaton