IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL E. WYATT, | CASE NO. 7:14-CV-00492 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| JOHNNY OWENS, ET AL., | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Michael E. Wyatt ("Plaintiff"), acting *pro se*, filed this case pursuant to 42 U.S.C. § 1983, alleging that Johnny Owens, Allen Shelton, William Harris, Scott Wyatt, and M.D. Pickeral used excessive force while arresting Plaintiff on July 3, 2012.  Compl. at 1–4.  On January 30, 2015, these defendants filed a motion for summary judgment seeking dismissal of that case.  (Dkt. 25). The Court granted that motion in part and denied it in part on August 20, 2015.  (Dkt. 31).  The claims against Harris and Pickeral were dismissed because they were neither present at nor involved with the alleged incident, while the case against the remaining defendants was allowed to proceed.  *Id.*  Harris and Pickeral had been misidentified by Plaintiff at the time of filing his *pro se* complaint from prison.  (Dkt. 81 at 1).

On June 10, 2016, after retaining counsel, Plaintiff filed a motion with the Court for leave to amend his complaint; he wished to replace the two dismissed defendants with Thomas Nicholson and Robert Worsham, pursuant to Rule 15.  (Dkt. 58).  The Court granted Plaintiff's unopposed motion, and the complaint was promptly amended to add Nicholson and Worsham. (Dkts. 59, 60).  Following the amendment, the defendants in the case are Owens, Shelton, Wyatt, Nicholson, and Worsham ("Defendants").  On September 2, 2016, Nicholson and Worsham filed

1

a motion for summary judgment, which is now before the Court, arguing that the claims against them are barred by the statute of limitations. (Dkt. 73). In addition to the motion for summary judgment, Defendants filed a motion *in limine* to preclude the introduction of evidence by Plaintiff's expert on police conduct, Dennis Waller. (Dkt. 75).

Because Plaintiff's amended complaint satisfies the relation-back requirements of Rule 15(c), as discussed below, Defendants' motion for summary judgment is denied. Furthermore, Defendants' motion *in limine* to exclude Dennis Waller's testimony is denied because Waller's anticipated expert testimony is relevant under Rule 401 and 402, and his use of police policies as one factor in forming his opinion does not require exclusion under Rule 403, provided that his testimony does not equate policy violations with constitutional violations.

## I. MOTION FOR SUMMARY JUDGMENT

### *A. Legal Standard*

Summary judgment is warranted if the Court concludes that no genuine issue of material fact exists for trial and that the moving party is entitled to judgment as a matter of law, based on the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits. *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013) (citing Fed. R. Civ. P. 56). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a genuine issue of material fact exists, a party may not rest upon his own mere allegations or denials. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Rather, the party must "proffer[] sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993). To this end, a district court has an "affirmative obligation . . . to prevent 'factually

2

unsupported claims [or] defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24).

## B. Analysis

Thomas Nicholson and Robert Worsham ask the Court to dismiss the claims against them as they are barred by Virginia's two-year statute of limitations. (Dkt. 73 at 1).

Defendants correctly state that there is no issue of material fact between the parties regarding the date of the incident and the date of initial filing: July 3, 2012 and December 1, 2013, respectively. (Dkt. 74 at 3; Dkt. 30 at 4). Because "[t]here is no federal statute of limitations for § 1983 claims, . . . the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cit. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 280, (1985)). In Virginia, the limitations period for personal injury actions is two years from "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Va. Code § 8.01-243(a); *Nasim v. Warden Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*); *see also* Va. Code § 8.01-230. Defendants argue that because Plaintiff's complaint was not amended to add Nicholson and Worsham until June 30, 2016, (dkt. 60), the limitations period lapsed nearly two years prior to the filing. (Dkt. 74 at 3).

Plaintiff responds by invoking Federal Rule of Civil Procedure 15(c), which governs amended and supplemental pleadings. (Dkt. 81 at 1). Rule 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or naming of the party against whom a claim is asserted" and three requirements are satisfied: (1) the amendment arises out of the same "conduct, transaction, or occurrence"; (2) the new parties received notice of the action sufficient to avoid prejudice in defending it on the merits; and (3) "the new parties knew or should have known that the action would have been

3

brought against it, but for a mistake concerning the property party's identity." Fed. R. Civ. P.

15(c); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 466–75 (4th Cir. 2007) (discussing the

relation-back requirements of Rule 15(c) in great detail).

      1.      <u>The amendment arises out of the same "conduct, transaction, or occurrence"</u>

There is no dispute between the parties that the amendment arises out of the same

conduct, transaction, or occurrence. The First Amended Complaint alleges that Nicholson and

Worsham were present at the arrest of the Plaintiff and involved in the use of excessive force.

(Dkt. 60). The First Amended Complaint simply replaces the previously misidentified

defendants with Nicholson and Worsham. *Id.* "Because the substantive allegations in the

amended complaint were identical to those contained in the initial complaint, the requirements of

relation back under Rule 15(c) clearly apply." *Freight Drivers & Helpers Local Union No. 557*

*Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 218 (4th Cir. 2015).

      2.      <u>Nicholson and Worsham received notice of the action sufficient to avoid prejudice in defending it on the merits</u>

Similarly, there is little dispute between the parties that Nicholson and Worsham had

notice of the action within the limitations period. In the context of Rule 15(c), the newly named

defendants must have either actual or presumed notice of the action. *W. Contracting Corp. v.*

*Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989). In the instant case, Nicholson and Worsham

appear to have had both actual and presumed notice of the action and their relation to it.

As to actual notice, the defendants were both present at the incident and participated in

the alleged beating. In fact, Worsham requested a copy of the dashboard camera footage of the

incident and showed it to Nicholson because he anticipated that there would be a use of force

investigation. (Dkt. 81 at 5). In addition, Worsham listened to calls Wyatt made from prison in

which Wyatt expressed a desire to file a lawsuit regarding his injuries. *Id.* Considering that

actual notice may be formal or informal, *see, e.g.*, *Hensley v. Soo-Line R. Co.*, 777 F. Supp.

4

1421, 1423–24 (N.D. Ill. 1991), Worsham and Nicholson's actions strongly suggest that they had actual notice of the suit well within the statute of limitations period. *See Goodman*, 494 F.3d at 469–70.

In the alternative, presumptive notice is straightforward in this case. "Notice may be presumed when the nature of the claim is apparent in the initial pleading and the added defendant has either a sufficient identity of interest with the original defendant or received formal or informal notice of the claim." *Bechtel*, 885 F.2d at 1201. Identity of interest can be established when the parties are "so closely related in business or other activities that it is fair to presume that the added parties learned of the institution of the suit shortly after it commenced." *Bruce v. Smith*, 581 F. Supp. 902, 906 (W.D. Va. 1984). Worsham and Nicholson, by virtue of working alongside the three original defendants, received informal notice of the claim. In fact, they work in the same room as the original three defendants. (Dkt. 81 at 6). Based on the relationship and close working quarters of the five defendants, the Court may conclude that Nicholson and Worsham received sufficient notice of the pending suit. *Id.*

Rule 15(c) requires that notice to the added parties be sufficient to avoid prejudice, and Defendants have not claimed prejudice in this case. Nicholson and Worsham appear have had actual or presumed notice of this case for well over two years, which signals a lack of prejudice. Furthermore, both Nicholson and Worsham have been deposed, and they are represented by the same counsel as the other three defendants. (Dkt. 81 at at 6). The addition of Nicholson and Worsham is not expected to significantly affect their attorneys' preparation of that case. Their addition to this case was merely a matter of correcting a misidentification in a *pro se* complaint, and it does not appear to prejudice Defendants.

3. Nicholson and Worsham knew or should have known that the action would have been brought against them, but for Wyatt's mistake in identifying them

Finally, Rule 15(c) requires that any added defendants "knew or should have known that

5

the action would have been brought against it, but for a mistake concerning the property party's identity." Fed. R. Civ. P. 15(c). Here, the word "mistake" is construed broadly: "The *limitations* of Rule 15(c)(3) thus *only* apply when the policies underlying limitations rules may be trampled." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007) (*en banc*) (emphasis added). "Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served." *Id.* at 467. "At bottom, the inquiry, when determining whether an amendment relates back looks at whether the plaintiff made a mistake in failing to name a party, in *naming the wrong party*, or in *misnaming the party* . . . and it looks into whether the rights of the new party, . . . will be harmed . . . ." *Id.* at 471 (emphasis added).

The instant case appears to be the quintessential type of mistake contemplated by Rule 15(c). Wyatt, while incarcerated, filed his claim *pro se*. He knew that five officers had participated in the arrest and beating. He named five officers in his complaint, but he incorrectly identified two of the officers. After he retained counsel and began discovery, he learned the true identity of the two other officers who participated in the incident. (Dkt. 81 at 1). He then requested leave to amend his complaint and add these two defendants, and that request was unopposed. (Dkts. 58, 81 at 1). Wyatt's misidentification of two officers that were clearly involved in the incident (and should have expected to be included in the initial complaint) is precisely the kind of "mistake" that Rule 15(c) governs. *See, e.g.*, *Robinson v. Clipse*, 602 F.3d 605 (4th Cir. 2010) (allowing a plaintiff to amend his *pro se* complaint that discussed the officer's actions but failed to name the officer as a defendant); *United States v. Grogg*, No: 4:14-cv-170, 2016 WL 3581855, at *2 (E.D. Va. Apr. 1, 2016) (permitting a plaintiff to amend a complaint that misidentified the defendant); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 469–73 (4th Cir. 2007) (endorsing a liberal construction of "mistake" and dismissing the "lack of

6

knowledge" rule from *Locklear v. Bergman & Beving AB*, 457 F.3d 363 (4th Cir. 2006)).

Defendants, nonetheless, argue that Wyatt's mistake does not qualify as a "mistake" under Rule 15(c). (Dkt. 74 at 3 n.3). They cite *Hoback v. Doe*, 2015 U.S. Dist. LEXIS 126007 (W.D. Va. Sept. 18, 2015), a case from this Court where relation back was denied. *Hoback*, however, can be distinguished from the instant case. In *Hoback*, the plaintiff had named a John Doe defendant in his initial complaint. He then sought leave from the Court to amend his complaint after the statute of limitations had expired. *Id.* at \*6. The Court correctly denied the request because the plaintiff had not made a "mistake," but rather sought to circumvent the federal case law by naming a fictitious defendant before the close of the limitations period. *Id.*; *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007) (reaffirming that substitutions for "Doe" defendants run afoul of Rule 15(c)). Here, unlike in *Hoback*, Plaintiff simply misidentified two of the five officers that assaulted him. Plaintiff did not use two fictitious names as placeholders; rather, he named two actual officers who happened to be the incorrect officers.

Alternatively, Defendants argue that they did not know and should not have known that intended to name them, but for his mistake. (Dkt. 85 at 2). Defendants assert that "[a]fter nearly four years passing since Plaintiff's arrest, Worsham and Nicholson reasonably believed the Plaintiff made a conscious choice to not sue them." *Id.* at 1. This argument is irrelevant to the Rule 15(c) relation back analysis. The Supreme Court made clear in *Krupski v. Costa Crociere S. p. A.*, 506 U.S. 538 (2010), that courts should consider what the defendant "knew or should have known during the Rule 4(m) period." *Id.* at 548. What Worsham and Nicholson thought four years after the incident is not relevant. What is relevant is what they knew or should have known before or during the summons period.

Worsham and Nicholson either anticipated or should have anticipated that they would be

served along with their peers. Wyatt's complaint unambiguously intended to name the five individuals who allegedly beat him, and Worsham and Nicholson were well aware that they were among the five. (Dkt. 26 at 2). Furthermore, they knew that the two officers named in their stead had not been present during the incident. It would have been objectively unreasonable for Worsham and Nicholson to believe that Wyatt made "a conscious choice to not sue them" in order to sue two officers not present during the incident. (Dkt. 85 at 2). There would be no rational reason for Wyatt to exclude Worsham and Nicholson yet include two other officers, one of whom was not even working the day of the incident. (Dkt. 30 at 3). Even a casual observer could recognize that Wyatt intended to name the five officers who beat him; Worsham and Nicholson knew full well that they were among those five and should have expected they would be sued if not for Plaintiff's mistake.

Having satisfied all the requirements of Rule 15(c), Plaintiff's claims against Worsham and Nicholson relate back to the time of filing his initial complaint. As such, Plaintiff's claims against Worsham and Nicholson do not violate the statute of limitations, and their motion for summary judgment is denied.

## II. MOTION IN LIMINE

In addition to the motion for summary judgment, Defendants filed a motion *in limine* to preclude the introduction of evidence by Dennis Waller, Plaintiff's expert witness on police practices. (Dkt. 75). Defendants argue that Waller's testimony, by virtue of relying on police guidelines and policies, is irrelevant and thus violates Rules 401 and 402, or in the alternative, it violates the Rule 403 balancing test.[1] *Id.* Because police guidelines are merely one aspect of

---

[1] Defendants' motion could have been styled—perhaps more appropriately—as a *Daubert* motion on the admissibility of expert testimony. *See Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 147 (1999). Regardless, I find that Defendants' argument for exclusion fails under either standard. *Cf. Lee v. City of Richmond, Va.*, No: 3:12-cv-471, 2014

8

Waller's analysis and neither party intends to emphasize the importance of specific policies (so as to avoid confusing the jury), Waller's testimony satisfies Rules 401, 402, and 403. As such, Defendants' motion *in limine* will be denied and Waller will be permitted to testify.

*A. Waller's testimony is sufficiently relevant to satisfy Rules 401 and 402*

Rule 401 establishes that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 simply provides that relevant evidence is admissible unless otherwise stated. Fed. R. Evid. 402. Defendants assert that Waller's testimony is not relevant because his analysis of police guidelines and policies is of no consequence; they argue it has no bearing on the constitutional question of whether excessive force was used by Defendants. (Dkt. 76 at 1–3).

Defendants' relevance argument is misguided because they mischaracterize the case law regarding unconstitutional excessive force. The Supreme Court held in *Graham v. Connor*, 490 U.S. 386 (1989), that excessive force claims are analyzed using an "objective reasonableness" standard. *Id.* at 388. While Defendants are correct that "the Fourth Amendment's meaning [does] not change with local law enforcement practices," *Virginia v. Moore*, 553 U.S. 164, 172 (2008), they fail to recognize that determining "objective reasonableness" may include, among other considerations, looking at compliance (or noncompliance) with training and established policy. *See, e.g.*, *Raiche v. Pietroski*, 623 F.3d 30, 37 (1st Cir. 2010); *Ludwig v. Anderson*, 54 F.3d 465, 472 (8th Cir. 1995) ("Although these police department guidelines do not create a constitutional right, they are relevant to the analysis of constitutionally excessive force."); *King v. Taylor*, 944 F. Supp. 2d 548, 556 (E.D. Ky. 2013) ("[C]ompliance with [police] policies and procedures is a factor that may be considered by the jury when evaluating whether [an officer]

WL 5092715 (E.D. Va. Sept. 30, 2014) (analyzing a use-of-force expert using the *Daubert* framework).

acted reasonably.").

Defendants correctly point out that the Fourth Circuit has not directly addressed the issue of whether police guidelines, trainings, and policies are relevant to excessive force analysis. Defendants cite *Greenbridge v. Ruffin*, 927 F.2d 789 (4th Cir. 1991), to support their claim that police guidelines are not relevant, but Defendants misunderstand the holding in that case. In *Greenbridge*, the trial judge excluded evidence of an officer's violations of police procedure *before* the alleged use of excessive force. *Id.* at 790. When the Court used the phrase "not probative of reasonableness," it referred to "the events that occurred before," not the guidelines violations themselves. The Court was concerned with admitting evidence that was not cotemporaneous with the use of force. It even stated that the proper standard is "reasonableness *at the moment*." *Id.* at 792 (emphasis in original).[2]

A more appropriate case to consider is *Melgar ex rel. Melgar v. Greene*, 593 F.3d 348 (4th Cir. 2010), which involved a claim of excessive use of force in relation to the use of a police dog. Although that case did not directly address the admissibility of police guidelines, trainings, and policies, it is noteworthy that the Court considered such guidelines as part of its objective reasonableness analysis. *Id.* at 356. Viewing *Melgar* in light of other circuits and districts that have accepted the use of police guidelines in determining objective reasonableness, Waller's use of police guidelines should be admitted, especially considering it is only part of his broader report. Although noncompliance with police practices is not *dispositive* of constitutionally excessive force, it is *relevant* to the question of whether the force used was objectively reasonable.

_____

[2] It is also worth noting that the exclusion in *Greenbridge* was evaluated using an "abuse of discretion" standard. *Id.* at 790.

### B. The probative value of Waller's testimony is not substantially outweighed by the danger of prejudicing, confusing, or misleading the jury

If Waller's testimony is found to be relevant, Defendants argue, in the alternative, that such testimony would violate Rule 403, which permits the Court to exclude "relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Defendants argue that the time spent discussing police policies would confuse the jury into evaluating Defendants' actions using an "incorrect standard." (Dkt. 86 at 5). Defendants fear that Waller's testimony will lead the jury to rule on whether the officers' actions violated police guidelines rather than whether they were objectively unreasonable and therefore violated the Fourth Amendment. Plaintiff in turn responds by once again by reminding the Court that testimony regarding police guidelines and procedures has been admitted in other cases. *See, e.g.*, *King v. Taylor*, 944 F. Supp. 2d 548, 558 (E.D. Ky. 2013).

Considering the high standard for exclusion established by Rule 403, particularly the requirement that such danger "*substantially* outweigh[]" the probative value, Waller's proposed testimony is admissible. Fed. R. Evid. 403 (emphasis added). In fact, at oral argument, the parties appeared to reach an agreement of sorts on this issue. Counsel for both sides purported to accept that Waller's testimony is relevant but does pose some risk of prejudice if specific guideline and/or policy violations are equated with constitutional violations. Both sides agreed to avoid soliciting testimony that focused on specific policies or implied that specific policies establish a constitutional standard. Rather, the parties will ask Waller (and Defendants' similar expert, Dennis Wershable) about their opinion based upon the totality of the circumstances, which includes policies and guidelines. Finally, the Court notes that if any potential jury confusion arises, it could be addressed with appropriate instructions. *See, e.g.*, *Grabski v. Logan*, No. 12-4978, 2014 WL 1340583, at *2 (E.D. Pa. Apr. 4, 2014) (using jury instructions to clarify that police policies are distinct from the constitutional question of excessive force).

11

## III. Conclusion

Based upon the foregoing, Defendants' motion for summary judgment will be denied. Plaintiff's claims against Nicholson and Worsham are not barred by the statute of limitations because they satisfy the relation-back requirements of Rule 15(c).

Likewise, Defendants' motion *in limine* to preclude the testimony of Dennis Waller as an expert on police conduct will be denied. Based on Mr. Waller's report and deposition testimony, his testimony at trial is admissible as relevant expert testimony, and his analysis will not violate Rule 401, 402, or 403.

Entered this __12th__ day of October, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

12