IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL E. WYATT, <br><br> *Plaintiff,* <br><br> v. <br><br> JOHNNY OWENS, ET AL., <br><br> *Defendants.* | CASE NO. 7:14-CV-00492 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Michael E. Wyatt ("Plaintiff"), acting *pro se*, filed this case on September 11, 2014, pursuant to 42 U.S.C. § 1983, alleging that Johnny Owens, Allen Shelton, William Harris, Scott Wyatt, and M.D. Pickeral ("Defendants") used excessive force while arresting Wyatt on July 3, 2012. (Dkt. 1 at 1–4). Defendants filed a motion for summary judgment seeking dismissal of that case against all defendants. (Dkt. 25). That motion was granted in part and denied in part. (Dkt. 31). The case against Harris and Pickeral was dismissed because they were neither present at nor involved with the alleged incident, while the case against the remaining defendants was allowed to proceed. (*Id.*) Harris and Pickeral had been misidentified by Plaintiff at the time of filing his *pro se* complaint from prison. (Dkt. 81 at 1).

On June 10, 2016, Plaintiff filed a motion with the Court for leave to amend his complaint; he wished to replace the two dismissed defendants with Thomas Nicholson and Robert Worsham, pursuant to Federal Rule of Civil Procedure 15. (Dkt. 58). The Court granted Plaintiff's motion, and the complaint was promptly amended to add Nicholson and Worsham without objection. (Dkts. 59 & 60). On September 2, 2016, Nicholson and Worsham filed a motion for summary judgment, arguing that the claims against them were barred by the statute of limitations. (Dkt. 73). The Court found that the claims against Nicholson and Worsham properly related back under Rule 15(c)(1), and thus the claims against them were not time

1

barred. (Dkt. 96).

Plaintiff then filed a motion to amend the complaint again, this time to add Pittsylvania County Sheriff Michael Taylor, pursuant to 42 U.S.C. § 1983, for failing to train or supervise the officers involved in the incident, also known as a "*Monell* claim." (Dkt. 72); *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). On October 12, 2016, the Honorable Robert S. Ballou, United States Magistrate Judge, denied the motion to amend, on the basis that the claims against Sheriff Taylor did not relate back pursuant to Rule 15(c)(1), and thus they were time barred. (Dkt. 95). Judge Ballou held that relation back was impermissible because Plaintiff failed to satisfy all three required elements of Rule 15(c)(1). (*Id.*) Plaintiff then filed a motion for reconsideration of Judge Ballou's order. The matter has been briefed and is ripe for decision.

Because Judge Ballou's order was not clearly erroneous and Plaintiff's amended complaint does not satisfy the requirements for relation back under Rule 15(c)(1), Plaintiff's motion for reconsideration will be denied.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b). The standard of review applied by the district court differs depending on whether the issue decided by the magistrate is dispositive or nondispositive of the litigation. For dispositive matters, the district court undertakes a *de novo* review of those portions of the magistrate's report and recommendation to which objections were made. Fed. R. Civ. P. 72(a); *see also Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). If an issue is nondispositive, however, the district court will modify or set aside the magistrate judge's order only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The parties agree that Judge Ballou's order should be reviewed using the "clearly erroneous or . . . contrary to law" standard.

2

(Dkt. 99 at 3; dkt 105 at 2); *see also Everett v. Cherry*, 671 F. Supp. 2d 819, 820 (E.D. Va. 2009) (employing a "clearly erroneous" standard for evaluating a magistrates decision to deny a motion to amend).

A ruling is "clearly erroneous" only when the totality of the record leaves the Court with "the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Minyard Enterprises, Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999). It is "'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bowers v. Univ. of Virginia*, No. 3:06-cv-00041, 2008 WL 2346033, at *3 (W.D. Va. June 6, 2008). "The leading treatise on federal practice and procedure describes altering a magistrate's nondispositive orders as 'extremely difficult to justify.'" *Carlucci v. Han*, 292 F.R.D. 309, 312 (E.D. Va. 2013) (quoting 12 Wright & Miller, Federal Practice and Procedure § 3069 (2d ed. 1997)); *see also McDonough v. Aetna Life Ins. Co.*, No. 3:09-cv-00071, 2010 WL 1418878, at *8 (W.D. Va. Apr. 8, 2010).

## II. ANALYSIS

The parties do not dispute that the date of the incident and the date of initial filing are July 3, 2012, and December 1, 2013, respectively. (Dkt. 74 at 3; Dkt. 30 at 4). Because "[t]here is no federal statute of limitations for § 1983 claims, . . . the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cit. 1991) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Virginia, the limitations period for personal injury actions is two years from "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Va. Code § 8.01-243(a); *Nasim v. Warden Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*). Thus, there is no question that, in the absence of relation back, Plaintiff's claims against Sheriff Taylor accrued and expired over two years ago.

3

To survive the statute of limitations, Plaintiff invokes Rule 15, which governs amended and supplemental pleadings. (Dkt. 81 at 1). Rule 15(c)(1) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or naming of the party against whom a claim is asserted" and three requirements are satisfied: (1) the amendment arises out of the same "conduct, transaction, or occurrence"; (2) the new parties received notice of the action sufficient to avoid prejudice is defending it on the merits; and (3) "the new parties knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity." Fed. R. Civ. P. 15(c)(1). Furthermore, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

If Plaintiff cannot establish that his claims against Sheriff Taylor relate back under Rule 15(c)(1), then his claims will be time barred, and thus leave to amend must be denied as futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

A. The same "conduct, transaction, or occurrence"

The Supreme Court has held that "[s]o long as the original and amended petitions state claims that are *tied to a common core of operative facts*, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (emphasis added).

Plaintiff and Defendants, through their briefing, have established that there is disagreement among the district courts about the degree to which a new claim needs to be tied to the original facts alleged. Plaintiff argues that, because the purported failure to train or supervise resulted in the beating that underpins the existing claims, his claims against Sheriff Taylor arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(1)(B). Plaintiff cites *Armour v. Country Club Hills*, No. 11-5029, 2014 WL 63850, at *5–6 (N.D. Ill. Jan. 8, 2014)— along with the cases cited therein—to support the proposition that numerous courts facing

4

similar facts have found that *Monell* claims relate back under Rule 15(c)(1)(B). Defendants respond by citing *Stidham v. Jackson*, No. 2:07-cv-28, 2007 WL 2156155, at *3–4 (W.D. Va. July 26, 2007), *report and recommendation adopted*, 2007 WL 2405722 (W.D. Va. Aug. 17, 2007), which held that a *Monell* claim did not relate back when the claim relied on facts well outside the initial complaint.

Despite the competing case law on the issue, the Court need not definitively resolve the issue. Judge Ballou's finding that these new claims did not arise out of the same conduct, transaction, or occurrence was far from "clearly erroneous." Fed. R. Civ. P. 72(a). In fact, concerns about clear error are obviated by the fact that Judge Ballou's ruling was in conformity with another decision within the Western District of Virginia. While Plaintiff is correct that all the facts needed to support a new claim need not be in the original complaint, their *Monell* claim against Sheriff Taylor would rely on entirely independent set of facts not "tied to [the] common core of operative facts." *Mayle*, 545 U.S. at 664. Plaintiff's original complaint dealt entirely with the alleged beating; litigating a claim of failure to train or supervise would require the parties to research facts and circumstances far beyond the scope of the original complaint, such as past practices in the Pittsylvania County Sheriff's Office. It would likely require additional depositions, additional written discovery, and new witnesses. The narrowness of Plaintiff's initial complaint distinguishes the instant case from those cited by Plaintiff. *See, e.g.*, *Armour*, 2014 WL 63850, at *5–6 (permitting relation back of a *Monell* claim against a defendant already present in the case); *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 530 (S.D.N.Y. 2012) (same).

Therefore, Judge Ballou did not clearly err when he held that Plaintiff's claims against Sheriff Taylor do not relate back, because they do not arise out of the same conduct, transaction, or occurrence. Because he has failed to satisfy the first requirement of Rule 15(c)(1), Plaintiff's

5

claim against Sheriff Taylor does not relate back and is time barred.

>    B.   Knew or should have known that the action would have been brought against them, but for Plaintiff's mistake

Even assuming that the first two requirements of Rule 15(c)(1) are satisfied, Plaintiff must still establish that the added defendant "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). The Fourth Circuit, sitting *en banc*, stated, "At bottom, the inquiry, when determining whether an amendment relates back looks at whether the plaintiff made a mistake in failing to name a party, in naming the wrong party, or in misnaming the party . . . ." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007).

Unlike Plaintiff's previous amendment—which sought to correct the misidentification of two officers involved in the alleged beating—this proposed amendment adds an individual who was not present at the alleged beating, is not mentioned in any of the factual allegations of the original complaint, and is being sued based on an entirely different legal theory. It strains the imagination to construe such an amendment as simply correcting a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). As Judge Ballou's order made clear, "Wyatt's original complaint exclusively focused on the alleged excessive force." (Dkt. 95 at 3). Plaintiff did not make a mistake in failing to add a *Monell* claim; he simply limited his complaint to the officers that allegedly beat him. To call such a decision a mistake, would allow relation back to swallow statutes of limitations. Were the Court to adopt Plaintiff's definition of a "mistake," parties could freely and routinely amend their complaints to add parties and claims long after the limitations period had closed. This in turn would undermine the purpose of statutes of limitations, which "give defendants predictable repose from claims after the passage of a specified time." *Goodman*, 494 F.3d at 467.

Even if the Court were to accept that Plaintiff made a mistake in failing to name Sheriff

6

Taylor in his first two complaints, there is good reason to think that he still fails to satisfy the requirements of Rule 15(c)(1)(C)(ii). The rule requires that the added defendant "knew or should have known" that the action would be brought against him in the absence of mistake. Even if Sheriff Taylor had knowledge of the action, it is not clear that he knew or should have known that such a claim would have been brought against him, absent Plaintiff's error. Sheriff Taylor was not present at the alleged incident, and it was reasonable for him to think that Plaintiff had simply decided not to sue him, and instead Plaintiff was pursuing more obvious claims versus more obvious defendants. Unlike the Nicholson and Worsham—who participated in the alleged beating, were aware that they were two of the five officers involved, and knew that five officers were being sued—Sheriff Taylor could have reasonably believed that Plaintiff had decided not to bring a *Monell* claim, focusing instead on the specific officers that allegedly beat him. "Thus, when a person would reasonably believe that the time for filing suit had expired, without having been given notice that [he] should have been named in an existing action, that person is entitled to repose." *Goodman*, 494 F.3d at 472.

The foregoing analysis notwithstanding, it is worth noting again that the parties agree the Court should evaluate Judge Ballou's order using a "clearly erroneous or . . . contrary to law" standard. Fed. R. Civ. P. 72(a). Not only does it appear that Judge Ballou made the right decision about whether Sheriff knew or should have known claims would be brought against him but for Plaintiff's mistake, but he did not clearly err or act contrary to law.

### III. Conclusion

Based upon the foregoing, Plaintiff's motion for reconsideration of Judge Ballou's order will be denied. Judge Ballou's order denying Plaintiff's motion to amend/correct was not clearly erroneous because Plaintiff's claims against Sheriff Taylor are, in fact, time barred. The statute of limitations on Plaintiff's claims against Sheriff Taylor has expired, and the claims do not

7

qualify for relation back under Rule 15(c)(1). Judge Ballou's order denying Plaintiff's motion for leave to amend was not clearly erroneous because his conclusions—(1) that Plaintiff's claims against Sheriff Taylor do not arise from the same conduct, transaction, or occurrence; and (2) that Plaintiff's failure to bring claims against Sheriff Taylor was not based on mistake—were based on the relevant facts and grounded in legal precedent. Not only were they not clearly erroneous, but they were likely correct.

An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to Plaintiff, Defendants, and all counsel of record.

Entered this 10th day of November, 2016.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

8

Case 7:14-cv-00492-NKM-RSB   Document 108   Filed 11/10/16   Page 8 of 8   Pageid#: 1641