Ladies and gentlemen of the jury, now that you have heard the evidence and the parties' arguments, it becomes my duty to give you the instructions as to the law applicable to this case. It is your duty as jurors to follow the law as stated in the instructions that I will give you and to apply the rules of law so given to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court. Similarly, it would be a violation of your sworn duty to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. It is not my function to determine the facts. Instead, you are the sole judges of fact in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors and to arrive at a verdict by applying the same rules of law, as given in the instructions of the court.

You must perform your function without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdictregardless of the consequence.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.  Furthermore, I tell you that an individual who has been charged with and/or convicted of a crime is entitled to the same fair and impartial consideration of his case as is any person before the court. Such individual does not forfeit his constitutional rights merely by virtue of his arrest and incarceration.

As I mentioned at the outset, you must determine all relevant facts by a preponderance of the evidence. By this is meant the greater weight and degree of evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence regardless of who may have produced them.

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

In deciding whether to believe a witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness' intelligence, state of mind, demeanor, and manner while on the stand. You may also consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You may call upon your own experience and background in your everyday affairs in determining the reliability or unreliability of statements made by others. You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters.  Consider also any evidence that a witness may benefit in some way from the outcome of the case, and whether that benefit caused a witness to testify falsely or in a way that advances his or her own interests. You should bear in mind a witness's interest in the case, in addition to the extent to which, if any at all, each witness is either supported or contradicted by other evidence in the case, in evaluating the credibility of any given witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

Evidence that at some other time a witness, who is not a party to this action, has said or done something which is inconsistent with the witness' testimony at trial, may be considered for the sole purpose of judging the credibility of the witness, but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against that party's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

You have heard testimony from expert witnesses. When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon the testimony and how much weight to accord the expert's testimony.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case. You should not, however, accept opinion testimony merely because I allowed a witness to testify concerning his or her opinions. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

You are not bound to decide any issue of fact in accordance with the testimony of a number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

In addition to the testimony of the witnesses, the evidence in the case consists of any and all exhibits which have been received into evidence and all facts which have been either admitted or stipulated.

The evidence in this case also consists of a portion of a deposition given by _____.  A deposition consists of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. I tell you that such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed by you, in the same way as if the witness had testified in person.

I tell you that evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again.  First, statements, arguments, questions, and comments by the attorneys do not constitute evidence.

Second, objections are not evidence. The parties have a right to object if they believe something is improper. You should not be influenced by an objection. If I sustain an objection to a question, you must ignore the question and must not attempt to guess what the answer might have been.

Third, testimony that I struck from the record or told you to disregard is not evidence and must not be considered.

Fourth, anything you saw or heard about this case outside of the courtroom is not evidence.

Finally, things I may have said or done, or rulings I may have made, are not evidence. I tell you that answers to questions I may have asked should be treated just as answers to any other questions posed. In other words, answers to questions I may have asked should not be taken as having any special meaning or as any indication that I have any particular views about the case.

At this time, I am going to ask the marshal to give each of you a copy of the verdict form which will be provided to you when you are sent out to deliberate. I want to make reference to the form as I instruct you as to the law which governs the particular case before us today.

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

As you will recall from the opening instructions, this is an excessive force case.  The plaintiff in this case is Michael Wyatt.  The defendants are Johnny Owens, Allen Shelton, Scott Wyatt, Thomas Nicholson, and Robert Worsham.

The plaintiff claims that, on July 3, 2012, the defendants used excessive force against him while taking him into custody in violation of the Fourth Amendment to the United States Constitution.

The plaintiff's claim is brought pursuant to Section 1983 of Title 42 of the United States Code, which provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.

Here, the plaintiff contends that the defendants, while acting under color of state law, used excessive force against him in violation of the Fourth Amendment.  The Fourth Amendment protects arrestees from the use of excessive force.

In order to prevail on his excessive force claim, the plaintiff must prove each of the following elements by a preponderance of the evidence:

FIRST:      That the defendants acted under color of state law;

SECOND:   That, while acting under color of state law, the defendants purposely or knowingly used force against the plaintiff; AND

THIRD:      That the defendants' use of force was objectively unreasonable.

In this case, I instruct you that you must find, for purposes of Section 1983 and the first element, that the defendants acted under color of state law. Stated differently, at the time of the actions of which the plaintiff complains, it is undisputed that the defendants were acting as Pittsylvania County Sheriff's deputies.

As previously stated, every arrestee has the right to be arrested without enduring the use of excessive force against him. On the other hand, not every push or shove, even if it later seems unnecessary, will give rise to a constitutional violation; and a deputy has the right, and the duty, to use such reasonable force as is necessary under the circumstances to effect the arrest. The reasonableness of a particular use of force must be judged from the perspective of a reasonable deputy on the scene, rather than with the 20/20 vision of hindsight. The calculus of reasonableness must embody allowance for the fact that deputies are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation. Whether or not any force used was excessive is an issue for you to decide on the basis of that degree of force, if any, that a reasonable and prudent deputy would have applied in the same circumstances disclosed in this case.

In deciding whether the plaintiff has proven that the defendants used excessive force against him, I tell you that the defendants' intentions are not to be considered.  The plaintiff must show only that the force purposely or knowingly used against him was objectively unreasonable.

You must decide whether the use of force was objectively unreasonable from the perspective of a reasonable officer facing the same circumstances that the defendants faced. You must make this decision based on what the defendants knew at the time, not based on what you know now. In performing their job, officers can use force that is reasonably necessary under the circumstances.

In deciding whether the plaintiff has proven that the force used against him was objectively unreasonable, you may consider such factors as:

(1)     the severity of the crime at issue;

(2)     whether the suspect poses an immediate threat to the safety of the officers or others; and

(3)     whether he is actively resisting arrest or attempting to evade arrest by flight.

I tell you, however, that this list of factors is not exclusive, and I mention these factors only to illustrate the types of objective circumstances that may be relevant to a determination of excessive force.

If you find that the plaintiff has proven by a preponderance of the evidence that the defendants purposely or knowingly used force against him, and that the defendants' use of force was objectively unreasonable, then you will answer "yes" to the question on the verdict form, and your verdict will be for the plaintiff on the excessive force claim.

If you find that the plaintiff has failed to prove either of these elements by a preponderance of the evidence, then you will answer "no" to the question on the verdict form, and your verdict will be for the defendants on the excessive force claim.

In just a few moments it will be time for you to retire to the jury room to begin your deliberations. You will be permitted to take all of the exhibits with you, as well as a copy of the court's written instructions.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesman here in court. A verdict form has been prepared for your response. You will take this form to the jury room. I tell you that in answering the question on the verdict form, it is necessary that each of you agree as to the response. Your verdict as to the question asked of you must be unanimous.

The verdict must represent the considered judgment of all of you. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

You must each decide the case for yourself but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But, do not surrender your honest convictions as to the weight or effect of the evidence solely because others among you may disagree or for the mere purpose of returning a verdict. Your sole interest is to seek the truth from the evidence of the case.

Once again, when you enter your jury room, your first responsibility will be to elect a foreperson. You will then begin your deliberations. I again tell you that your answer to the question on the verdict form must be unanimous. Once you begin your deliberations, if you find it necessary to communicate with the court, let the marshal know and he will in turn let me know so we can all reconvene in open court. Once you begin your deliberations, you should not *have* contact with any person other than the marshal.

You should not let anyone know, including the court or the marshal, how you stand on your deliberations either numerically or on the question before you, until after you have reached a unanimous verdict.