## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| Michael E. Wyatt )<br><br>Plaintiff, )<br><br>v. )<br><br>Johnny Owens, *et al.*, )<br><br>Defendants. ) | Case No. 7:14-cv-492-NKM-RSB |

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to this Court's order of March 25, 2016 (ECF No. 53) and February 27, 2017 (ECF No. 122), Plaintiff Michael E. Wyatt hereby submits the following proposed jury instructions.  Plaintiff reserves the right to withdraw, supplement, or revise these proposed instructions between now and trial in response to a Court order or other development or agreement.

By: <u>s/ Benjamin Beaton</u>
Gordon D. Todd
Benjamin Beaton
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005

Dated: April 4, 2017

INSTRUCTION NO. _____

Members of the jury, you have heard the lawyers argue the case and you have heard the evidence.  It is now my duty to instruct you as to the law.  The instructions that I gave you at the beginning of the trial and during the trial remain in effect.  You must, of course, continue to follow  my earlier instructions as well as those that I give you now.  You must not single out  some  instructions and ignore others, but must consider the instructions as a whole.  I will send a copy of  these instructions with you for your deliberations.

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.  [During this trial, I have occasionally asked questions of witnesses in order to bring out facts not then fully covered in testimony.  Do not assume that I hold any opinion on the matter to which  my questions related.] It is your duty to determine from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you believed that the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence and the law as I give it to you.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.

Source: Adapted from the Honorable James P. Jones's, U.S. District Judge for the Western District of Virginia, Standard Final Civil Jury Instructions.

INSTRUCTION NO. _____

In this case, the Defendants are governmental officials while the Plaintiff is a private citizen.

All parties are equal before the law.  All parties in this case are entitled to the same fair consideration.

You are thus not to afford any more credibility to statements made by a witness or a party because he is

a governmental official, and you are not to afford any less credibility to statements made by a witness

or a party because he is or was a private citizen.

Source: Seventh Circuit Pattern Jury Instruction 1.03 (modified)

INSTRUCTION NO. _____

This is a civil case. Plaintiff is the party who brought this lawsuit. Defendants are the parties against whom the lawsuit was filed.

Plaintiff has the burden of proving his case by what is called the preponderance of the evidence. That means Plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendant on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side.

If Plaintiff fails to meet this burden, the verdict must be for Defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence. In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Source: Adapted from Third Circuit General Instruction No. 1.10.

INSTRUCTION NO. _____

In deciding what the facts are, you may also have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, only part of it, or none of it. In weighing the testimony of a witness, you should consider his or her relationship to the parties.  You must also consider his or her interest, if any, in the outcome of the case, his or her manner of testifying, his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified, the candor, fairness, and intelligence of a witness and the extent to which a witness' testimony is supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part. This case should be considered by you as an action between persons of equal worth.  All persons are equal before the law and are considered equals in the courtroom today.

Source: Adapted from the Honorable James P. Jones's, U.S. District Judge for the Western District of Virginia, Standard Final Civil Jury Instructions.

INSTRUCTION NO. _____

In weighing a witness' testimony, you should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial. You should again keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or only a small detail.

Source: Adapted from the Honorable James P. Jones's, U.S. District Judge for the Western District of Virginia, Standard Final Civil Jury Instructions.

INSTRUCTION NO. _____

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits and the facts that have been stipulated — that is formally agreed to by the parties. You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in the case. Certain things are not evidence.  I shall list those things for you now:

*First*:  Statements, arguments, questions and comments by lawyers representing the parties in the case do not constitute evidence.

*Second*: Objections are not evidence. Lawyers have a right to object if they believe something is improper.  You should not be influenced by an objection.  If I sustained an objection to a question, you must ignore the question and must not attempt to guess what the answer might have been.

*Third*:  Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

*Fourth*:  Anything you saw or heard about this case outside of the courtroom is not evidence. Finally, during the course of this trial you may have been instructed that some evidence was received for a limited purpose only.  You may consider such evidence only for the specific limited purpose for which it was admitted.

Source: Adapted from the Honorable James P. Jones's, U.S. District Judge for the Western District of Virginia, Standard Final Civil Jury Instructions.

INSTRUCTION NO. _____

There are two types of evidence: direct and circumstantial.  Direct evidence is the direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  The law makes no distinction between direct and circumstantial evidence and you should give all evidence the weight and value you believe it is entitled to.

Source: Adapted from the Honorable James P. Jones's, U.S. District Judge for the Western District of Virginia, Standard Final Civil Jury Instructions.

INSTRUCTION NO. _____

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Source: Seventh Circuit Pattern Instruction No. 1.24.

INSTRUCTION NO. _____

You have heard expert witnesses in this case give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Source: Adapted from Seventh Circuit Pattern Instruction No. 1.21.

INSTRUCTION NO. _____

You may consider statements given by witnesses under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.  In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Source: Seventh Circuit Pattern Instruction No. 1.14.

INSTRUCTION NO. _____

If you find that a party destroyed evidence that it knew would be relevant to an issue being litigated in this case and knew at the time it did so that there was a potential for litigation, then you may infer (but you are not required to infer) that the obliterated evidence was unfavorable to that party.

Source: First Circuit Pattern Instruction No. 2.13.  "As a general proposition, the trial court has broad discretion to permit a jury to draw adverse inferences from a party's failure to present evidence, the loss of evidence, or the destruction of evidence. While a finding of bad faith suffices to permit such an inference, it is not always necessary."  *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995).  The spoliation doctrine *may* apply where non-parties destroyed evidence. *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012).

INSTRUCTION NO. _____

The parties have stipulated, or agreed, that a fact should be considered true, you must now treat this fact as having been proved for the purpose of this case.

Source: Seventh Circuit Pattern Instruction No. 2.05.

INSTRUCTION NO. _____

Certain summary exhibits are evidence.  The original materials used to prepare those summaries are also in evidence.  It is up to you to decide if the summaries are accurate.

Source: Seventh Circuit Pattern Instruction No. 1.23.

INSTRUCTION NO. _____

Your verdict must be for Plaintiff Michael Wyatt and against the [named Defendant] for use of excessive force during his arrest if all the following elements have been proved:

*First*, the Defendant struck and/or kneed the plaintiff when arresting him; and

*Second*, the force used was excessive because it was not reasonably necessary to arrest the plaintiff; and

*Third*, as a direct result, the plaintiff was injured; and

*Fourth*, the defendant was acting under color of state law.

In determining whether the force was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force the moment the force was used under similar circumstances. You must decide whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer. If any of the four elements above has not been proved, then your verdict must be for the defendant.

Source: Adapted from Eighth Circuit Model Instruction on Excessive Force. *See Jones v. Buchanan,* 325 F.3d 520, 527 (4th Cir. 2013) ("The extent of the plaintiff's injuries is also a relevant consideration."); *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) ("In considering whether an officer used reasonable force, a court must focus on the moment that force is employed."); *Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996). ("*Graham* requires us to focus on the moment force was used; conduct prior to that moment is not relevant in determining whether an officer used reasonable force.").

INSTRUCTION NO. _____

You must decide whether each Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that each Defendant faced. You must make this decision based on what the officer actually knew at the time each distinct act of force was used. Whether an initial use of force was justified does not necessarily mean that all later uses of force were also justified.

In performing his job, an officer may use force that is reasonably necessary under the circumstances. In deciding whether force is reasonably necessary, you may consider such factors as:

- the severity of the crime at issue;

- whether the suspect poses an immediate threat to the safety of the officers or others;

- whether the suspect is actively resisting arrest or attempting to evade arrest by flight;

- the extent of the Plaintiff's injuries; and

- whether the defendants could have obtained compliance through alternative uses of force.

These factors are not exclusive and are presented only to illustrate the types of objective circumstances that may be relevant to a determination of excess force.

Source: Adapted from Seventh Circuit Pattern Instruction No. 7.09. *See Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir. 1994); *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 729 (7th Cir. 2013); *Deering v. Reich*, 183 F.3d 645, 650–51 (7th Cir.1999) (discussing *Brower v. Cnty. of Inyo*, 884 F.2d 1316 (9th Cir. 1989)).

INSTRUCTION NO. _____

You have heard evidence about whether Defendants' conduct complied with or violated a given rule or policy. You may consider this evidence in your deliberations. But remember that the issue is whether Defendant used excessive force on Plaintiff, not whether a regulation might have been violated.

Source: Seventh Circuit Pattern Instruction No. 7.04.   *See* Mem. Op. Denying Defendants' Motion to Exclude Plaintiff's Expert Dennis Waller (ECF No. 96).

INSTRUCTION NO. _____

If you find that Plaintiff has proved his claim against any of Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.  If you find that Plaintiff has failed to prove his claim against any of Defendants, then you will not consider the question of damages.

Actual damages are designed to compensate a plaintiff for damages he or she actually sustained.  In contrast, nominal damages are designed to vindicate legal rights even without proof of actual injury.  Finally, punitive damages are designed to punish the defendants for their conduct and deter the defendants or others from acting similarly in the future.

In determining the amount of any damages to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages of one dollar.

The plaintiff has the burden of proving his actual damages by a preponderance of the evidence.  But the law does not require that he prove the amount of his losses with mathematical precision; it only requires as much definiteness and accuracy as circumstances permit.

Source: Adapted from Seventh Circuit Pattern Instruction No. 7.22; Ninth Circuit Model Civil Jury Instruction 5.6.

INSTRUCTION NO. _____

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of any of Defendants' use of unreasonable force against Plaintiff.  These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

1.  The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received, as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.

2.  The physical, mental, and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.  No evidence of the dollar value of physical, mental, or emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

Source: Seventh Circuit Pattern Instruction No. 7.23.

INSTRUCTION NO. _____

You may award damages for any pain, suffering, inconvenience, emotional distress, mental anguish, or loss of enjoyment of life plaintiff experienced as a consequence of the defendants' unreasonable use of force.

No evidence of the monetary value of such intangible things as emotional distress, pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

Source: Third Circuit Pattern Jury Instruction No. 5.4.1.

INSTRUCTION NO. _____

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff and if it has been proved that the defendants' conduct was malicious or recklessly indifferent to the plaintiff's safety or rights, then you may award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendants for engaging in misconduct and discouraging the defendants and others from engaging in similar misconduct in the future. You may award punitive damages even if you do not award compensatory damages under Instruction _____. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Instruction _____.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

*First*, how reprehensible the defendants' conduct was. In this regard, you may consider:

- whether the harm suffered by the plaintiff was physical or economic or both;

- whether there was violence, deceit, intentional malice, or reckless disregard for human health or safety;

- whether the defendants' conduct that harmed the plaintiff also posed a risk of harm to others;

- Whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff;

- whether the plaintiff was particularly vulnerable; whether the harm suffered by the plaintiff resulted from conduct that was known or suspected to be unlawful;

- and whether the conduct is likely to reoccur.

*Second*, how much harm the defendants' wrongful conduct caused the plaintiff.

*Third*, what amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendants' financial condition, to punish the defendants for their wrongful conduct toward the plaintiff and to discourage the defendants and others from similar wrongful conduct in the future.

You may award punitive damages against any or all defendants, or you may refuse to award punitive damages.  If punitive damages are awarded against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

Source: Adapted from Eighth Circuit Model Instruction No. 4.72 on Punitive Damages.  *See Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418–28 (2003); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574–77 (1996); *EEOC v. Fed. Express Corp.*, 513 F.3d 360 (4th Cir. 2008); *Corti v. Storage Tech. Corp.*, 304 F.3d 336, 341–42 (4th Cir. 2002).

INSTRUCTION NO. _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement without violence to individual judgment, because a verdict must be unanimous.  Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with fellow jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or by having you returned to the court room so that I can address you orally. Remember that you should not tell anyone — including me — how your vote stands numerically.

*Fourth*, your verdict must be based soley on the evidence and on the law, which I have given you in my instructions.  The verdict must be unanimous, you must all agree.  Nothing I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide. If you wish to have any or all of the exhibits sent to you in the jury room, you should advise the bailiff.

*Finally*, a verdict form is simply written notice of a decision that you reach in this case. Here is a form submitted to you for your consideration.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Source: Adapted from Western District of Virginia Model Instructions

Dated: April 4, 2017                           Respectfully submitted,

                                               /s/ Benjamin Beaton
                                               Gordon D. Todd
                                               Benjamin Beaton
                                               Morgan Branch
                                               SIDLEY AUSTIN LLP
                                               1501 K Street, N.W.
                                               Washington, DC 20005
                                               T: (202) 736-8000
                                               F: (202) 736-8711
                                               bbeaton@sidley.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2017 I caused a copy of the foregoing Proposed Jury

Instructions to be served via ECF on the following counsel:


    Jim H. Guynn, Jr.
    Theresa Joan Fontana
    Guynn & Waddell, PC
    415 S. College Avenue
    Salem, VA 24153
    T: (540) 387-2320
    F: (540) 389-2350
    jimg@guynnwaddell.com

    *Counsel for Defendants*


                                     /s/ Benjamin Beaton

.