Wyatt v. Owens, *et al.*,

Case No. 7:14-cv-492

<u>Jury Instructions</u>

Members of the Jury:

You have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened in the case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law I am now in the process of defining for you.  And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

Instruction No. 1

EQUAL STANDING

In this case, the Defendants are governmental officials while the Plaintiff is a private citizen.  All parties are equal before the law and are to be dealt with as equals in a court of justice.  All parties are entitled to the same fair consideration. You are thus not to afford any more credibility to statement made by a witness or a party because he is a governmental official, and you are not to afford any less credibility to statement made by a witness or a party because he is or was a private citizen.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  Furthermore, I tell you that an individual who has been charged with or convicted of a crime is entitled to the same fair and impartial consideration of this case as is any person before the court.  Such individual does not forfeit his constitutional rights merely by virtue or his arrest or conviction.

Instruction No. 2

EVIDENCE

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Testimony or evidence that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Anything you may have seen or heard outside the courtroom is not evidence and must be completely disregarded.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in light of your own experience.

Put differently: you may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence in this case.

Instruction No. 3

## DIRECT VS. CIRCUMSTANTIAL EVIDENCE

There are two types of evidence: direct and circumstantial.  Direct evidence is the direct proof of a fact, such as testimony from an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  The law makes no distinction between direct and circumstantial evidence and you should give all evidence the weight and value you believe it is entitled to.

Instruction No. 4

## EXCLUDING ARGUMENT OF
## COUNSEL AND COMMENT OF COURT

Any statements, objections, or arguments made by the lawyers are not evidence in the case.  It is the duty of the attorneys for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by the court.

You should not harbor any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law. My rulings on the admissibility of evidence do not indicate any opinion about the weight of or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.  It is your own recollection and interpretation of the evidence that controls the case.  What the lawyers say is not binding upon you.

During the course of a trial, I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

Instruction No. 5

CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  You may call upon your own experience and background in your everyday affairs in determining the reliability or unreliability of statements made by others.  In weighing the testimony of a witness, you should consider the following:

      (1)   The witness's relationship to the Plaintiff or to the Defendants;

      (2)   The witness's interest, if any, in the outcome of the case;

      (3)   The witness's manner of testifying;

      (4)   The witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified;

      (5)   The witness's candor, fairness and intelligence; and

      (6)   The extent to which the witness has been supported or contradicted by other credible evidence.

You may accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Instruction No. 6

## IMPEACHMENT

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or any crime where proof of a dishonest act or false statement was required for conviction, is also a factor you may consider in weighing the credibility of that witness.  The fact of such conviction does not necessarily destroy the witness's credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

Instruction No. 7

EXPERT WITNESSES

You have heard testimony from expert witnesses.  When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon the testimony and how much weight to accord the expert's testimony.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  The fact that such person has given an opinion does not mean that you are required to accept it.  Nor should you substitute it for you own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Instruction No. 8

EXHIBITS, STIPULATIONS, AND DEMONSTRATIVES

In addition to the testimony of witnesses, the evidence in this case consists of any and all exhibits that have been received into evidence.

Additionally, the parties have stipulated, or agreed, that certain facts should be considered true, you must treat those facts as having been proved for the purpose of this case.

Certain diagrams may have been shown to you.  Those diagrams are use for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts if not admitted into evidence.

Instruction No. 9

BURDEN OF PROOF

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence," which is the greater weight of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so. To state it differently: if you were to put the evidence favorable to the Plaintiff and the evidence favorable to the Defendants on opposite sides of a scale, the Plaintiff would need to have tipped the scales somewhat to his side.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this, so you should put it out of your mind.

Instruction No. 10

EXCESSIVE FORCE LIABILITY

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. The Plaintiff claims the Defendants used excessive force when they arrested him. In making a lawful arrest, a law enforcement officer has the right to use such force as is necessary under the circumstances to effectuate the arrest. Whether or not the force used in making an arrest was unreasonable is a question to be determined by you in light of all the evidence received in the case.

In order to succeed on his claim, the Plaintiff must prove by a preponderance of the evidence that at least one of the Defendants used excessive force against him on the date of his arrest. You must decide whether the use of force was excessive from the perspective of a reasonable officer facing the same circumstances. You must allow for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving. You must make this decision based on what the particular Defendant actually knew at the time each distinct act of force was used, not based on what you know now. Whether an initial use of force was justified does not necessarily mean that all later uses of force were also justified.

In deciding whether the use of force was excessive, you should consider the totality of the circumstances, including:

(1) The need for the application of force;
(2) The severity of the crime at issue;
(3) Whether Plaintiff posed an immediate threat to the safety of the officers or others, as perceived by Defendants at that time;
(4) The amount of force actually used;
(5) The relationship between the threat posed and the actual force;
(6) Whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight;
(7) The extent of the injury suffered by the Plaintiff;
(8) Whether a reasonable officer, without the benefit of hindsight, would have used that much force; and
(9) Whether the Defendants could have obtained compliance through alternative uses of force

Instruction No. 11

INTENT

In deciding whether the Plaintiff has proven that the Defendants used excessive force against him, I tell you that the Defendants' intentions are not to be considered. The Plaintiff must show only that the force used against him was objectively unreasonable.

Instruction No. 12

## PAST USES OF FORCE

Any evidence that you heard regarding past uses of excessive force by Defendant Worsham may be considered only for its bearing, if any, on the question of whether you believe Defendant Worsham's explanation for his use of force against the Plaintiff.  You may not consider this as evidence that Defendant Worsham used excessive force in this case.

However, if you find in favor of Plaintiff and against Defendant Worsham, you may consider evidence of his past uses of excessive force in determining whether to grant punitive damages.

Instruction No. 13

LAW ENFORCEMENT PROCEDURES AND POLICIES

You have heard evidence about whether Defendants' conduct complied with or violated a given rule or policy.  You may consider this evidence in your deliberations.  But remember that the issue is whether Defendant used excessive force on Plaintiff in violation of the Fourth Amendment, not whether a rule or policy might have been violated.

Instruction No. 14

DETERMINING LIABILITY

If you find, by a preponderance of the evidence, that the Plaintiff has proved that one or more of the Defendants used excessive force against him, then you should find for the Plaintiff and against such Defendant or Defendants.  Then, go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has not proved any one of the Defendants used excessive force against him, then you should find for the Defendants, and you will not consider the question of damages.

Instruction No. 15

COMPENSATORY OR NOMINAL DAMAGES

If you find any of the Defendants liable, then you must consider the issue of compensatory damages.  You must award the Plaintiff an amount that will fairly compensate him for any injury he sustained as a result of any excessive force.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  However, compensatory damages may not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.  But the law does not require that he prove the amount of his losses with mathematical precision; it only requires as much definiteness and accuracy as circumstances permit.

Here, the Plaintiff claims the following items of damages:

(1)  Physical harm, including physical pain and discomfort; and

(2)  Emotional and mental harm suffered during and after the events at issue, including fear, humiliation, and mental anguish, as well as emotional and mental harm that the Plaintiff is reasonably certain to suffer in the future.

No evidence of the dollar value of such pain needs to be introduced.  There is no exact standard for determining the damages awarded based on pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury.

The law that applies to this case authorizes an award of nominal damages.  If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages of one dollar.

Instruction No. 16

PUNITIVE DAMAGES

In addition to the damages mentioned in other instructions, you may also award punitive damages to the Plaintiff under some circumstances.  To obtain punitive damages, the Plaintiff must prove by a preponderance of the evidence that Defendant Worsham either knew that his actions violated federal law or acted in reckless or callous indifference to the Plaintiff's safety or rights.

If the Plaintiff satisfies this requirement, it is entirely up to you whether or not to award punitive damages.  But it should be presumed that the Plaintiff has been made whole by compensatory damages, so you should award punitive damages only if you believe the Defendant's conduct requires further sanctions to achieve proper punishment or to deter others from similar conduct in the future.

If you decide to award punitive damages, the amount to be awarded is also within your sound discretion.

You may consider the following factors in arriving at a punitive damages award:

(1) The nature of the Defendant's conduct (how blameworthy it was);

(2) The impact of that conduct on the Plaintiff;

(3) Whether there was violence, intentional malice, or reckless disregard for health or safety;

(4) Whether there was any repetition of the same sort of wrongful conduct that harmed the Plaintiff;

(5) Whether and to what extent the Defendant needs to be punished in order to discourage the Defendant and others from similar conduct in the future;

(6) The likelihood that the Defendant or others would repeat the conduct if the punitive award is not made; and

(7) Any other circumstances shown by the evidence, including mitigating circumstances that bear on the question of the size of the award.

Instruction No. 17

## DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Instruction No. 18

VERDICT FORM

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have the foreman fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

Instruction No. 19