UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL E. WYATT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:14-cv-492 |
| JOHNNY OWENS, et al., | ) |
| Defendants. | ) |

**ORDER**

In this 42 U.S.C. § 1983 litigation, Plaintiff Michael E. Wyatt asks the court to award attorneys' fees and tax costs following a jury verdict finding that Robert Worsham used excessive force in apprehending, arresting and restraining Wyatt and awarding compensatory damages of $50,000 and punitive damages of $100,000. Defendant Worsham does not contest that Wyatt is entitled to recover reasonable attorneys' fees and costs, but objects to the amounts of fees and costs sought by Wyatt.[1]

The Civil Rights Attorney's Fees Awards Act of 1976 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Supreme Court has directed that the purpose of §1988 is to ensure meaningful and effective access to the judicial system for persons with civil rights grievances, and thus, a successful plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L.E.2d 40 (1983). In 1995, Congress enacted the Prison Litigation Reform

---

[1] Wyatt seeks $850,764.00 in attorneys' fees and $129,748.38 in costs. See Pl. Reply in Support of Mot. for Attorneys' Fees, Expenses and Costs, Dkt. No. 193.

1

Act (PLRA), which places a cap on attorney fee awards authorized under § 1988 in cases brought by prisoners.

The PLRA applies to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988." 42 U.S.C. §§ 1997e(d)(1)–(3). The PLRA limits the hourly rate that may be used in the calculation of attorney's fees to no greater than 150 percent of the hourly rate established under 18 U.S.C. § 3006A for payment of court-appointed counsel. 42 U.S.C. § 1997e(d)(3). The PLRA further caps attorney's fee awards at 150 percent of the prisoner's monetary judgment. 42 U.S.C. § 1997e(d)(2).

This court is aware of differing opinions as to the application of the PLRA attorney's fee limits to litigation brought by a prisoner regarding matters that arose prior to the prisoner's incarceration. Compare Robbins v. Chronister, 435 F.3d 1238 (10th Cir. 2006) (en banc) (holding that the PLRA attorney fee limitations apply to prisoner civil rights claims arising before incarceration as well as claims arising during incarceration) with Sutton v. City of Yonkers, 13 Civ. 801, 2017 WL 1180918, at * 3 (S.D.N.Y. March 29, 2017) (holding that the PLRA attorney fee limitations only apply to civil rights claims challenging prison conditions). The Fourth Circuit upheld the constitutionality of the PLRA attorney's fee limits in Wilkins v. Gaddy, 734 F.3d 344 (4th Cir. 2013), but has not specifically addressed whether the PLRA fee limits apply to actions brought by prisoners which arise from pre-incarceration civil rights violations.

Wyatt was a "prisoner" as defined by §1997e(h) throughout the litigation of this case, and he seeks attorneys' fees for a civil rights violation that occurred during his arrest for the charge that led to his incarceration. The parties are instructed to file simultaneous briefs within 14 days

from the date of this order discussing whether the award of attorneys' fees in this action is governed by the PLRA, and thus whether the limits under §1997e apply to Wyatt's fee request.

It is **SO ORDERED**.

Entered: July 19, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge